[Civil No. 1856.   Filed February 17, 1921.]

[195 Pac. 530.]

## F. S. HERR, Appellant, v. JAMES KENNEDY, Appellee.

1. PLEADING—DENIAL IN ANSWER HELD NEGATIVE PREGNANT.—A denial in an answer in an action for the purchase price of hay that "there was 45,155 pounds of baled hay sold and delivered to the defendant" was an admission that a lesser number of pounds of hay were sold and delivered to the defendant, and a denial "that the

---

1. For authorities on the question of pleading negatives pregnant, see notes in Ann. Cas. 1917A, 668, 678, 681, 685.

said hay was originally worth the sum of $677.32" was an admission that the hay was worth any sum less than $677.32; each one of such denials being a negative pregnant.

2. PLEADING—NO ISSUE JOINED ON NEGATIVE PREGNANT.—No issue can be joined on a negative pregnant, because the affirmative implication to which it is open destroys the effect of the denial.

3. PLEADING—COUNTERCLAIM HELD TO STATE MERE LEGAL CONCLUSION SUBJECT TO DEMURRER.—Allegation in counterclaim "that plaintiff on the 10th day of December, 1918, and prior thereto was indebted to the defendant in the sum of $595.58 upon an account stated" was nothing more than an averment of a legal conclusion, and a demurrer thereto should have been sustained, where there was no statement of any fact or facts upon which it could be determined whether any indebtedness existed.

4. TRIAL—VERDICT HELD IN BAD FORM, AND SHOULD HAVE BEEN CORRECTED.—In an action for purchase price of hay where defendant filed counterclaim, a verdict, "We . . . upon our oaths do find the issues in favor of the defendant in the sum of $595.58, the defendant to pay the difference between the bill for the hay, $677.32, this amount to the plaintiff, the plaintiff to pay the court costs," was in bad form, and should have been corrected before received, being confused and unintelligible.

5. COSTS—JURY HAS NO AUTHORITY TO ASSESS COSTS.—The jury has no right or authority to assess or adjudge the payment of costs, since Civil Code of 1913, paragraph 628, provides who shall recover costs.

6. JUDGMENT—HELD INCONSISTENT AND INCAPABLE OF ENFORCEMENT.—In an action for the purchase price of hay, wherein defendant set up a counterclaim, a judgment, "It is ordered and decreed by the court that the defendant J. have and recover of the plaintiff F. the sum of $595.58, and that the defendant J. pay to the plaintiff F. the difference between $677.32 and $595.58, and that said difference between $677.32 and $595.58 draw interest at the rate of 6 per cent per annum from the 12th day of December, 1919, and that the plaintiff F. pay the costs of this suit," etc., was inconsistent and incapable of enforcement, since it finds both for the plaintiff and the defendant, and there was a mistrial.

APPEAL from a judgment of the Superior Court of the County of Coconino. J. E. Jones, Judge. Judgment reversed and new trial ordered.

### STATEMENT OF FACTS.

Herr sued Kennedy on account for hay sold and delivered, alleging:

"That during the month of December, 1918, at the request of the defendant, plaintiff sold and delivered to the defendant (in that county) 45,155 pounds, making 22 58/100 tons of baled hay, of the reasonable value and agreed price of $677.32. That the defendant promised and agreed to pay the said price and value therefor. That he had not paid the same, nor any part thereof, though demanded. That all was due and unpaid."

Kennedy answered as follows:

"Defendant admits that plaintiff sold and delivered baled hay to the defendant, but denies that there was 45,155 pounds of baled hay so delivered to the defendant. Defendant denies that the said hay was originally worth the sum of $677.32. By way of counterclaim, alleges: That he is a merchant doing business at Williams, Coconino County, Arizona. That plaintiff, on the 10th day of December 1918, and prior thereto, was indebted to the defendant in the sum of $595.58 upon an account stated. That said stated account is just and true. That said defendant purchased some baled hay from the plaintiff with the understanding that any amount of hay delivered to the defendant by plaintiff should be applied on said stated account, and that any difference found to be existing between plaintiff and defendant should be paid to the person entitled to the same."

Herr filed a general demurrer to the counterclaim, and specifically denied the alleged accounting and indebtedness, and furthermore alleged that the indebtedness upon which the stated account was founded was the debt of another, and not the debt of Herr, and then pleaded the statute of frauds against the alleged indebtedness. He furthermore pleaded that the alleged indebtedness was barred by the statute of limitations. No reply was made by Kennedy. The demurrer was overruled. The motion of Herr for a judgment on the pleadings was denied. The case was tried by a jury, and the following verdict was rendered:

"We, the jury duly impaneled and sworn in the above-entitled action, upon our oaths do find the issues in favor of the defendant in the sum of $595.58, the defendant to pay the difference between the bill for the hay, $677.32, this amount to the plaintiff. The plaintiff to pay the court costs."

Upon the verdict the court rendered the following judgment:

"Wherefore, by virtue of the law and by reason of the premises aforesaid, it is ordered and decreed by the court that the defendant, James Kennedy, have and recover of the plaintiff, F. S. Herr, the sum of $595.58, and that the defendant, James Kennedy, pay to the plaintiff, F. S. Herr, the difference between $677.32 and $595.58, and that said difference between $677.32 and $595.58 draw interest at the rate of 6 per cent per annum from the 12th day of December, 1919, and that the plaintiff, F. S. Herr, pay the costs of this suit amounting to $16.61, and also the jury fees, assessed at $72."

Mr. X. N. Steeves, for Appellant.

Messrs. Harben & Gold, for Appellee.

BAKER, J. (After Stating the Facts as Above.)— The denial in the answer that "there was 45,155 pounds of baled hay sold and delivered to the defendant" is an admission that a lesser number of pounds of hay were sold and delivered to the defendant. The denial "that the said hay was originally worth the sum of $677.32" is an admission that the hay delivered was worth any sum less than $677.32. Each one of these denials is an example of a negative pregnant. As a general rule no issue can be joined on a negative pregnant because the affirmative implication to which it is open destroys the effect of the denial. The answer was therefore insufficient, and a judgment on the pleading would have been proper

were it not that the answer contains new matter in the way of an alleged counterclaim which must first be disposed of or tried. We think, however, that it was error to overrule the plaintiff's demurrer to the alleged counterclaim. It is alleged in setting up the counterclaim "that plaintiff on the 10th day of December, 1918, and prior thereto was indebted to the defendant in the sum of $595.58 upon an account stated." This allegation is nothing more than an averment of a legal conclusion. There is no statement of how the alleged indebtedness arose and no statement of any fact or facts from which it can be determined whether any indebtedness existed. The necessity for a statement of the facts essential to the right claimed is not obviated by averments of legal conclusion. A conclusion of law tenders no issue, and a counterclaim which depends upon such allegations is insufficient and demurrable.

The verdict is in bad form, and should have been corrected before being received. It is confused and unintelligible. Moreover, the jury had no right or authority to assess or adjudge the payment of costs. The statute provides who shall recover costs. Rev. Stats. 1913, par. 628.

The judgment itself is inconsistent and incapable of enforcement. It finds both for the plaintiff and the defendant. It first finds for the defendant in the sum of $595.58, and then finds that the defendant "pay to the plaintiff, F. S. Herr, the difference between $677.32 and $595.58." How can such a judgment be enforced? It is clear that there has been a mistrial of the case.

The judgment will be reversed and a new trial ordered. The defendant will be permitted to amend his pleadings if he is so minded.

ROSS, C. J., and McALISTER, J., concur.