[Civil No. 2641. Filed April 9, 1928.]

[266 Pac. 14.]

O. B. EADS, Appellant, v. THE COMMERCIAL NATIONAL BANK OF PHOENIX, a Corporation, Appellee.

Messrs. Cox, Moore & Janson, for Appellant.

Mr. T. J. Prescott, for Appellee.

ROSS, C. J.—This is an action by O. B. Eads against the Commercial National Bank of Phoenix to recover the amount of a check drawn by him against the bank upon which payment was refused. The material part of plaintiff's complaint is in the following words:

"That on or about the month of October, 1925, and for some time prior thereto, plaintiff had an account with said bank, and at various times deposited moneys in said bank to the credit of his said account and drew checks against said account in defendant's said bank, and that on or about October 10th, 1925, the balance of plaintiff's account in said bank was the sum of two hundred ($200.00) dollars, and at said time plaintiff was entitled to receive from said bank on his said account, the sum of two hundred ($200.00) dollars, and in the month of November, 1925, duly demanded and tendered his check for said amount; but the defendant then and there refused to pay plaintiff said sum or any part thereof, and there is justly due and owing from the defendant to the plaintiff on said account the sum of two hundred ($200.00) dollars, with interest thereon at the rate of 6 per cent per annum from October 10th, 1925, until paid.

"Wherefore, plaintiff prays judgment against the defendant in the sum of two hundred ($200.00) dollars, with interest thereon at the rate of 6 per cent per annum from October 10th, 1925, until paid, and his costs."

To this complaint the defendant filed the following amended answer:

"Admits it is a banking corporation, as alleged by plaintiff in paragraphs I and II of plaintiff's complaint; admits that plaintiff, on or about the month of October, 1925, and for some time prior thereto, had an account with the defendant, and at various times deposited moneys with defendant to the credit of his account, and drew checks against said account in defendant's bank; but specifically denies each and every other allegation in plaintiff's complaint contained."

The case was tried to the court and a jury and resulted in a verdict and judgment for defendant. Plaintiff has appealed.

The first error assigned is the refusal of the court on plaintiff's motion to enter judgment in his favor notwithstanding the verdict, the grounds of

such motion being "that the answer of the defendant . . . presents no issue of fact to be tried, and the matters stated . . . do not constitute a defense to plaintiff's complaint."

In *Bryan* v. *Inspiration C. C. Co.*, 23 Ariz. 541, 205 Pac. 904, we held that a judgment notwithstanding the verdict could not be rendered in favor of the defendant on the ground of insufficient evidence, but in the case of *Brotherhood, etc.,* v. *Manz,* 23 Ariz. 610, 206 Pac. 403, where the motion was by plaintiff, it was granted, the court saying, however:

"If it had been a question as to whether the evidence justified the verdict the proper order would have been one granting a new trial."

In the latter case the motion was granted because the answer raised no issue. The rule in this jurisdiction is fairly well settled and understood by the profession to be that if a party wishes to obtain a ruling of the court on the sufficiency or insufficiency of the evidence, the common and proper thing to do is to move for an instructed verdict upon that ground; but where the motion *non obstante veredicto* is based solely upon the pleadings, as in this case upon the insufficiency of the answer to raise any issue, we know of no reason why it does not lie. Where not changed or modified by statute, the rules of pleading at common law prevail in this jurisdiction. Par. 5555, Civ. Code 1913. The rule as to when such a motion lies at common law is stated by the author in 33 C. J. 1178, section 112, to be:

"Originally, at common law, a judgment *non obstante veredicto* could be entered only when the plea confessed the cause of action and set up matters in avoidance which were insufficient, although found true, to constitute either a defense or a bar to the action. In such a case plaintiff was entitled to a judgment in his favor notwithstanding a verdict for defendant."

This motion, coming as it does after formal trial and verdict and presenting questions that could properly have been raised by demurrer or by motion *in limine* for judgment on the pleadings, should not be granted if the defect in the pleading is cured by the verdict or if the pleadings can be amended to state a good defense. We think, however, the answer in this case states a good defense.

The complaint alleges, in substance, that plaintiff was a general depositor of the defendant, with a checking account in its bank; that on or about October 10th, 1925, plaintiff had a balance of $200 to which he was entitled; that in the month of November, 1925, he tendered his check for said amount, and payment was refused. The answer, in effect, admits plaintiff was a regular customer of the defendant and as such had made deposits and drawn checks against the same, but denies that plaintiff's balance when check was presented was $200. It is claimed by plaintiff that this answer admits that there was a balance to his credit of any sum less than $200. This implication is justified. *Herr* v. *Kennedy*, 22 Ariz. 141, 195 Pac. 530. But, under the pleadings, this admission did not entitle plaintiff to a judgment. The relation between the parties was that of debtor and creditor, and we think the rule is that before a bank depositor may maintain a suit to recover a specific amount from his bank, he must first show that he had on deposit sufficient funds to meet his demand. If the demand is by check, he must have to his credit enough to cover the demand. If his credit with the bank is less than the face of the check, the bank may lawfully refuse payment.

In *Aurora National Bank* v. *Dils*, 18 Ind. App. 319, 48 N. E. 19, syllabus No. Three, is found this statement:

"Where a depositor had only $300 to his credit, and the only demand was by a check for $302.50, the demand was insufficient to support an action for the money on deposit."

In *Hales* v. *Seamen's Bank, etc.,* 28 App. Div. 407, 51 N. Y. Supp. 140, it was said:

"In the answer of the defendant there is a statement that on the 1st day of July, 1897, there was a balance to the credit of the account of Mrs. Schmitt of $38.96, which, with interest, amounted at the day last named to $63.62; and it is claimed by the plaintiff that a verdict should have been permitted at least for that amount. But the plaintiff was not entitled to recover even that much in this action. A demand for the money was necessary, and no such demand was made, for it was not included in that which preceded the institution of this action."

The defendant was under no obligation to make part payment on the check to the amount of the funds on deposit. *Jacobson* v. *Bank of Commerce,* 66 Ill. App. 470. A payee has no right to the actual balance on deposit to the credit of the drawer where the check is for a larger amount. *Dana* v. *Third National Bank,* 13 Allen (Mass.), 445, 90 Am. Dec. 216.

Plaintiff makes the further contention that defendant, having admitted the deposit account, could avoid liability only by pleading in its answer payment. This, he says, must be so, because the statute, paragraph 483, Civil Code, provides that a defense based on payment must be pleaded. The defendant was not defending on the ground that it had repaid plaintiff all the funds he had deposited with it, but on the ground that such funds were less than the amount demanded when made. We think his contention is based upon a misconception of the defendant's duty. He seems to take the position that it was the duty of defendant to pay on said check whatever funds it had, even though such funds

were less than the check. This is apparent, as the breach of duty is alleged in his complaint to consist in a refusal to pay the $200, "or any part thereof." In this, we have seen, he is in error.

The court instructed the jury that the burden of proof to show plaintiff had on deposit in defendant's bank as much as $200 at the time the check was presented was on plaintiff, and this is assigned as error.

It is well settled that before a suit by a depositor against his bank will lie he must first make a proper demand. No breach of duty to pay out money of the depositor can occur until and after such a demand. We think the burden of showing a demand of the kind the bank was bound to honor was upon the plaintiff. In *Newman* v. *State Bank*, 70 Misc. Rep. 46, 127 N. Y. Supp. 956, it was said:

"The defendant cannot be adjudged guilty of a dereliction of duty to this plaintiff until it is established that a formal demand was made upon it and a refusal thereof is chargeable to it. In view of the peculiar relation existing between bank and depositor, no judgment against the bank can be sustained without such proof. And justly so. It would be unjust to charge a bank with such reprehensible conduct, and to mulct it in costs when the desire of the depositor to terminate their relation is not brought to its knowledge by a demand of a formal and unmistakable nature."

The judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.