[Civ. No. 10009. Second Appellate District, Division Two.—June 28, 1935.]

JANE V. REINERT, Appellant, v. RICHARD T. PROUD, Respondent.

170

T. H. Canfield for Appellant.

Ross MacLeod for Respondent.

FRICKE, J., *pro tem.*—Action by appellant for balance due on a promissory note secured by a trust deed.

The first point urged is that no issue was raised as to the allegation of paragraph IV of the complaint "that on the 18th day of January, 1930", Jane J. Rosenquist assigned without recourse her entire interest in the note and trust deed to the plaintiff, and that "since said 18th day of January, 1930, the plaintiff has been and now is the sole owner and holder of the said note and deed of trust". The answer is as follows: "That defendant has no information or belief sufficient to enable him to answer the allegation of paragraph IV of said complaint and basing his denial upon that ground he denies the allegation therein contained and the whole thereof." Appellant contends that this form of denial constitutes a negative pregnant and is in effect an admission that the facts pleaded occurred and is merely a denial that they occurred on the particular date named, and that the finding of the trial court that no assignment was made is error.

This contention is not based upon the denial being based upon the lack of information or belief, but challenges the validity of a general denial of the allegations of a paragraph

of the complaint and the whole thereof. The decision of the question depends upon the proper construction of section 437 of the Code of Civil Procedure as amended in 1927. By that amendment the previously existing requirement that the denial of each allegation controverted must ''be specific'' ceased to exist and there was added to the section the provision that ''The denials of allegations controverted may be stated by reference to specific paragraphs or parts of the complaint; or by express admission of certain allegations of the complaint with a general denial of all the allegations not so admitted; or by a denial of certain allegations upon information and belief, or for lack of sufficient information and belief, with a general denial of all allegations not so denied or expressly admitted.'' In *Del Fanta* v. *Sherman,* 107 Cal. App. 746 [290 Pac. 1087], the answer ''denies each and every allegation and statement in said third cause of action contained'' except certain matters which were specifically admitted. The court there says: ''It may be doubtful whether the answer would have been sufficiently specific under the law as it existed prior to July 29, 1927. . . . We think the answer is sufficiently specific to conform to this section of the code as amended.'' We believe that, under section 437 as it now reads, the denial in the answer here is sufficient to raise an issue as to the matters alleged in paragraph IV of the complaint.

Appellant next contends that the possession and production in evidence of the promissory note in question by the plaintiff constituted *prima facie* proof of ownership in the plaintiff sufficient to shift to defendant the burden of producing evidence to the contrary, and, there being no other proof on this issue, to require a finding in accordance with such *prima facie* showing. It may be added here that the note bears upon its reverse side an endorsement signed with the name of the payee assigning all right, title and interest in the note and trust deed to Jane V. Reinert. In *Moore* v. *Craig,* 5 Cal. App. (2d) 283 [42 Pac. (2d) 647], defendant denied the endorsement and delivery of the note upon which action was brought, and took the position that the evidence of ownership was not sufficient, and the court, quoting from *Pugh* v. *Dawson,* 95 Cal. App. 505, 516 [273 Pac. 39], says: ''Possession of commercial paper, with endorsement, makes a

*prima facie* case of delivery by the indorser to the holder and of ownership of the latter.'' In *Linder Hardware Co.* v. *Pacific Sugar Corp.*, 17 Cal. App. 81 [118 Pac. 785], the assignment of a promissory note, was denied and objection made to the introduction thereof because there was no proof of the assignment. The court there followed the note to *Bedell* v. *Herring*, 77 Cal. 572 [20 Pac. 129, 11 Am. St. Rep. 323], and cases cited, holding that mere possession of a negotiable instrument by an endorsee, or by the transferee where no endorsement is necessary, imports *prima facie* that he is the lawful owner. It should also be noted that ''every holder is deemed *prima facie* to be a holder in·due course'' (Civ. Code, sec. 3140); that ''a holder in due course . . . may enforce payment . . . against all parties liable thereon'' (Civ. Code, sec. 3138), and ''may sue thereon in his own name'' (Civ. Code, sec. 3132); that it is presumed ''that things which a person possesses are owned by him'', ''that a person is the owner of property from exercising acts of ownership over it'', and that identity of person will be presumed from identity of name (Code Civ. Proc., sec. 1963, subds. 11, 12, 25). In the light of these authorities and in the total absence of proof to the contrary, there was sufficient proof herein to require the trial court to find in favor of appellant on the issue as to the assignment of the note, and the finding to the contrary was reversible error.

Judgment reversed.

Crail, J., and Stephens, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 24, 1935, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 26, 1935.