[Civil No. 3844. Filed October 5, 1937.]

[72 Pac. (2d) 429.]

DELBERT M. POTTER, Appellant, v. HOME OWNERS' LOAN CORPORATION, a Corporation, Appellee.

Mr. O. J. Baughn and Mr. B. E. Barks, for Appellant.

Mr. M. L. Ollerton and Mr. Jesse A. Udall, for Appellee.

LOCKWOOD, J.—This is an appeal by Delbert M. Potter, hereinafter called defendant, from a judgment in favor of Home Owners' Loan Corporation, a corporation, hereinafter called plaintiff, foreclosing a certain mortgage. The situation shown by the record is as follows:

Plaintiff filed its complaint in the superior court of Greenlee county alleging the character of the parties, and that defendant had on April 21, 1934, executed a note in favor of plaintiff in the sum of $6,997, and secured the same by a mortgage on certain real estate in Greenlee county. It was further alleged that the principal sum of the note, together with interest thereon, was due, owing, and unpaid, and that, by the terms of the mortgage in case of suit brought to foreclose it, plaintiff should be entitled to a reasonable attorney's fee, which it was alleged was 10 per cent. of the amount of the principal and interest, and judgment was prayed for the amount shown by the face of the note with interest, and for attorney's fee in the amount of 10 per cent., together with the usual foreclosure of the mortgage. Defendant answered, admitting the execution of the note and mortgage in question, but alleging that the mortgage was not a

valid lien on the premises described therein, excepting approximately 2½ acres thereof. He gave as reasons for this allegation (a) that the 2½ acres referred to was all of the property upon which he had applied to plaintiff for a loan and the only portion of the mortgaged premises upon which plaintiff, by law, was authorized to make said loan, (b) that the value of the 2½ acres on which he had asked a loan was in excess of $15,000, and (c) that the only reason that he consented to the mortgage covering all the premises described therein was that plaintiff threatened to reject his application for the loan if the entire premises were not included. He further alleged that the amount due and payable on the note was approximately $750 less than the amount alleged in the complaint, and denied that 10 per cent. of the amount due on the note was a reasonable attorney's fee. Thereafter, on February 24, 1936, plaintiff moved that judgment be rendered against the defendant, notwithstanding the answer, on the ground that the answer was sham, irrelevant, and frivolous, and filed an elaborate brief in support thereof. On June 1, 1936, a minute entry shows that the court ordered that the motion for judgment on the pleadings be granted. However, on June 8th a trial of the case was had before the court sitting without a jury, and judgment was rendered in favor of plaintiff for the amount prayed for in the complaint, but for an attorney's fee of $200 only, being approximately 3 per cent. of the face of the note. The judgment recites as follows:

"This cause coming on regularly to be heard this the 8th day of June, 1936, before the court sitting without a jury, the plaintiff appearing by its attorney, Jesse A. Udall, and it appearing that the defendants had been regularly served with summons and complaint in the manner provided by law, . . . and the defendant, Delbert M. Potter, having filed an an-

swer in said cause and the plaintiff having moved that judgment be rendered in favor of plaintiff, notwithstanding the answer filed by the defendant, Delbert M. Potter, on the grounds that said answer was sham, irrelevant, and frivolous, and the court having considered said motion and having granted the same and said cause having been duly set for hearing on the 8th day of June, 1936, at two o'clock P. M. and the plaintiff having introduced both oral and documentary testimony in support of the material allegations of plaintiff's said Amended Complaint, and the court having considered the matter and being fully advised in the premises and having found all of the material facts and issues set forth in plaintiff's Amended Complaint in favor of the plaintiff and against the defendants: . . . ''

No motion for a new trial was ever made, but on December 5, 1936, just before the expiration of the time allowed for an appeal, defendant appealed from the judgment, and the matter is before us on the record.

█ Counsel for both plaintiff and defendant have, in their briefs, made many statements as to what did happen, and what would have happened if the situation had been different. We, of course, cannot consider such statements, being confined in our determination of the case to what is shown by the record and the necessary and reasonable inference to be drawn therefrom only.

There are some eight assignments of error which are very general in their nature and are severely criticized as to form by counsel for plaintiff. While these assignments are not to be commended as to their form, we think we may gather therefrom that they raise two objections to the judgment worthy of consideration. The first is that the answer does set up a real and meritorious defense to plaintiff's complaint, so that it was improper to render judgment on the pleadings, and the second is that the case was set and heard by

the trial court in defendant's absence and without notice to him, so that he was prevented from presenting his case on his answer before a jury. We consider the last objection.

 This is a civil case, and while in actions of that nature it is necessary that a defendant be first brought into court by a proper summons, it is not necessary to the validity of a judgment against him that he be present at any of the proceedings thereafter. And if the statute or the rules of court provide a regular time for the calling of the calendar for setting of cases, he is not even entitled to notice that his case has been set for trial at such a call. *Bonilla* v. *Echeandia,* 34 Porto Rico, 321. But if a case is set for trial at any time other than at the regular call of the calendar, justice requires that the parties have reasonable notice of the setting. *Gambrell* v. *Bruce,* (Tex. Civ. App.) 274 S. W. 161. Every presumption, however, is in favor of the regularity of proceedings in a court of record, and, when it appears in a judgment signed by the trial court that a case has been duly set for hearing at a fixed time and that it comes on regularly to be heard at that time, the presumption is, in the absence of a showing to the contrary, that the parties have received sufficient notice of the hearing. Certainly if a defendant has a judgment rendered against him without the necessary notice, we think it is incumbent upon him, before he appeals to this court, to move to vacate the judgment and for a new trial on that ground, so that the lower court may have an opportunity to correct its error, if one has been committed, and, in the absence of such a motion or some affirmative showing in the record that notice was not given, we must presume that it was.

██ The same applies to the suggestion in regard to a jury trial. It does not appear that defendant

ever demanded a jury, and, in the absence of a showing on a motion for new trial that he was deprived of the right to ask for a jury, we cannot consider such an objection.

We come then to the only real question on the merits, which is whether or not his answer did set up a defense to the complaint. He claims (a) that the mortgage covered more real estate than he set forth in his application for the loan, (b) that the real estate mentioned in the application was worth more than $15,000, and (c) that the officers of plaintiff compelled him to sign the mortgage by duress, in that they refused to make the loan on the lesser amount of land. We think this fails to raise even a suspicion that, as a matter of law, the mortgage was not valid. The Act of Congress, June 13, 1933, § 2 (c), 48 Stat. 128 (12 U. S. C. A., § 1462, and note), under which the loan was made, describes the property upon which loans of this character may be made as ''real estate in fee simple . . . upon which there is located a dwelling for not more than four families, used by the owner as a home or held by him as his homestead and having a value not exceeding $20,000.'' There is nothing in the federal act which limits the area to be mortgaged, and nowhere in the answer is it alleged that the property actually covered by the mortgage had a value in excess of $20,000, or that it was not real estate upon which the home of the owner was located. Defendant's second allegation that the 2½ acres covered by his application was worth in excess of $15,000 is purely immaterial, for the limitation imposed by the act is $20,000, and it may well be that while the 2½ acres were worth $15,000 the balance of the land was worth far less than $5,000. Nor is allegation (c) one of legal duress. We have gone into the question of what constitutes duress in the case of *Lundvall* v. *Hughes et al.,* 49 Ariz. 264, 65 Pac. (2d)

1377, and, while the precise issue involved in this case was not discussed, it is apparent that the refusal of a prospective lender to lend any amount of money until he obtains security satisfactory to him cannot be called legal duress on the borrower. We think the answer did not set up a defense to the foreclosure of the mortgage.

The next contention of defendant is that he alleged the amount claimed as the principal of the note was excessive in the sum of $750, and that he should have been permitted to offer proof of this fact. The note on its face shows the amount prayed for in the complaint was the principal thereof. Defendant did not allege that anything had been paid thereon, nor any reason why that was not the amount due. Payment, of course, must be pleaded as a matter of defense, and we think a mere statement that the amount shown by the face of the promissory note was not the true amount due, without giving some reason therefor, is not sufficient to set up a defense against the note.

The last contention is that he should have been permitted to show that 10 per cent. was not a reasonable attorney's fee. If the judgment had been for the full 10 per cent., there would perhaps be some merit to this contention, but a plea of the nature made by defendant is a negative pregnant in that it substantially admits that any sum less than 10 per cent. is a reasonable fee, and, since the judgment was for only 3 per cent. of the face of the note, we think he cannot be heard to complain of this.

Defendant in his brief has alleged a number of things which if alleged in his answer might perhaps have been considered as stating facts entitling him to be heard on the merits, but we cannot take allegations in a brief as supplying the lack of allegations in an answer. The answer, on its face, is certainly not a

defense to the allegations of the complaint, and we think the trial court properly rendered judgment in favor of the plaintiff.

The judgment of the superior court of Greenlee county is affirmed.

McALISTER, C. J., and ROSS, J., concur.