[Civ. No. 13313.   Second Dist., Div. Two.   Dec. 19, 1941.]

DEMA PEARL EDGER, Respondent, v. C. C. FOSTER, Appellant.

Charles H. Johnson, Holcomb, Holcomb & Kempley and Chester C. Kempley for Appellant.

David C. Levenson and Kenneth E. Matot for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after the sustaining by the trial court of a demurrer to defendant C. C. Foster's amended answer without leave to amend in an action for specific performance of a contract to sell real property or damages in lieu thereof, defendant C. C. Foster appeals.

The essential facts are as follows:

Among other paragraphs of plaintiff's complaint, it alleged the following:

"V.

"That thereafter, the plaintiff herein and her said husband, John Albert Edger, made each and every payment of Fifteen Dollars ($15.00) or more, per month, commencing on the 6th day of July, 1932, and ending on. the 6th day of December, 1939, each of which payments were credited upon the back of said contract by the defendant, C. C. Foster.

"VI.

"That prior to the commencement of this action, the plaintiff herein demanded of the defendants, and each of them, delivery to the plaintiff of the property covered by said Agreement for the sale of real estate, and did tender an offer to pay to said defendants any balance due under and by virtue of the terms and conditions of said agreement for the sale of real estate.

"VII.

"That the said defendants, and each of them, have failed, neglected and refused, and still fail, neglect and refuse to deliver the said property to the plaintiff herein, and that the said defendants, and each of them, are unable to deliver the said property to the plaintiff herein, for the reason that the said defendants, and each of them, did prior hereto, and on the 8th day of August, 1933, deed the said property to

one Horace C. Heaton, and that said Horace C. Heaton is now the holder and owner of said property.

## "VIII.

"That the said property so agreed to be conveyed is worth a sum in excess of Two Thousand Dollars ($2,000.00), and that plaintiff has paid to the defendants, and each of them, under and by virtue of said agreement for the sale of real estate the total sum of Sixteen Hundred Eighty-four Dollars ($1684.00)."

Defendant C. C. Foster's amended answer contained, among other allegations, the following:

## "III.

"Denies paragraph five of said complaint.

## "IV.

"Denies paragraph six of said complaint.

## "V.

"Denies paragraph seven of said complaint. . . .

## "VI.

"Denies paragraph eight of said complaint."

Plaintiff demurred to the amended answer upon the ground, among others, "that said answer does not, nor does any paragraph, word, or sentence thereof state facts sufficient to constitute a defense to this action. . . . " The trial court sustained a demurrer to the answer without leave to amend and thereupon entered judgment in favor of plaintiff.

These are the questions necessary for us to determine:

*First: Do the words, "Denies paragraph (insert appropriate paragraph No. of the complaint) of said complaint," constitute a general denial of the allegations of the paragraph of the complaint mentioned?*

*Second: Does the fact that defendant C. C. Foster, in an alleged affirmative defense, makes admissions which are consistent with the material allegations of the complaint which have been previously denied in the answer, constitute an admission of the material allegations of the complaint admitted in the affirmative defense?*

The first question must be answered in the affirmative. Section 437 of the Code of Civil Procedure, subsection 2, as amended in 1927, reads in part as follows:

" . . . The denials of the allegations controverted may be

stated by reference to specific paragraphs or parts of the complaint. . . . ''

Section 452 of the Code of Civil Procedure reads thus: ''In the construction of a pleading, for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties.''

Applying the rule set forth in section 452 of the Code of Civil Procedure to the quoted portions of section 437 of the same code, we are of the opinion that the form of denial here in question constitutes a denial of all of the allegations of the paragraph so denied and, therefore, raised material issues which, if found in favor of defendant C. C. Foster would have constituted a valid defense to the action. It is true that the form of denial here used is neither logical nor grammatical, as it is not correct to deny a paragraph. The better form would have been to have used the phrase, ''Defendant denies each and every allegation of paragraph (insert appropriate paragraph No. of the complaint) of plaintiff's complaint herein.'' However, in view of the tendency of the courts to liberalize pleadings with an end to having cases tried upon their merits, and, since neither plaintiff nor the trial court could have possibly misunderstood the intent of defendant to deny each and every allegation of the various paragraphs mentioned, we hold that such a form of denial is sufficient to raise an issue.

The second question must be answered in the negative. The rule is established in California that a defendant may plead inconsistent defenses. (*People* v. *Tulare Packing Co.*, 25 Cal. App. (2d) 717, 729 [78 Pac. (2d) 763].) Therefore, the fact that defendant in the instant case denied certain material allegations of the complaint in his answer and subsequently in an affirmative defense alleged the same material allegations of the complaint as true, did not constitute an admission of the truth of the allegations in the complaint. He was merely pleading inconsistent defenses.

For the foregoing reasons the judgment appealed from is reversed with directions to the trial court to overrule the demurrer to the answer.

Wood (W. J.), Acting P. J., and Scott (R. H.), J., *pro tem.*, concurred.