[Civ. No. 2674.   Fourth Dist.   Mar. 11, 1942.]

ARVEL B. ARMER, Respondent, v. R. H. DORTON et al., Defendants; T. F. KNAFLA et al., Appellants.

Brittan & Mack for Appellants.

Harvey, Johnston & Baker for Respondent.

SCHOTTKY, J. pro tem.—In an action by respondent against defendant Dorton and defendants and appellants Knafla and Mohawk Petroleum Corporation, respondent recovered judgment against all three defendants for damages to his automobile and for the loss of the use thereof. Appellants appeal from such judgment.

Truxton Avenue, in Bakersfield, runs east and west and contains in the center a parkway protected by a cement curb. The parkway is 25 feet 6 inches wide and the pavement on each side is 28 feet 8 inches wide. B Street runs north and south and is 54 feet 10 inches wide. The parkway on Truxton Avenue does not extend to the extended curb line of B Street but stops 14 feet from it on each side. The parkway is grown up with trees and shrubs and the intersection is a so-called "blind" intersection.

According to the evidence, appellant Knafla was operating the truck of appellant Mohawk Petroleum Corporation easterly along Truxton Avenue, and defendant Dorton was operating his automobile in a westerly direction on said avenue. Respondent's automobile was parked at the south curb of Truxton Avenue, close to the corner of B Street and in front of Mercy Hospital. As appellant Knafla was proceeding across the intersection of B Street and Truxton Avenue, the front of defendant Dorton's automobile came in contact with the right rear side of the truck, just ahead of the rear wheels. As a result of the impact the driveshaft and brake line controlling the hydraulic brakes on the truck broke and the rear of the truck swung around to the south in an arc and before it came to rest it struck the parked automobile of respondent, causing damage to it.

The trial court found that the damage to respondent's automobile was caused by the combined and concurring negligence of defendant Dorton and appellant Knafla, and awarded respondent judgment against all three defendants for $312.58 damages and $105 for loss of the use of the automobile.

Appellants contend that there is no evidence supporting the judgment in any sum for the loss of the use of respondent's automobile. It must be conceded that the only evidence in the record on this point, not stricken out by the trial court, was that respondent had to travel 39 miles to and from work each day, that he was deprived of his automobile for six weeks while it was being repaired, that he

borrowed another automobile to use, and that he estimated that the reasonable cost per mile of operating his automobile was five cents. Such evidence is, of course, insufficient to show the value of the loss of use of the automobile.

However, as respondent points out, the complaint alleged that respondent was deprived of the use of his car for 21 days and that the reasonable value of such use was $105, and the only denial in appellants' answer is a denial of each of said allegations, without any denial that the reasonable value of the use was a lesser sum. Respondent contends that this constitutes an admission of a loss in any sum less than $105, and that no proof is required. Under the authorities it must be held that a denial in such form is a negative pregnant, so far as the value of the loss of use is concerned, and that appellants' answer must be taken as an admission that the reasonable value of the loss of use was any sum less than $105. In the case of *Preston* v. *Central Cal. etc. Irr. Dist.*, 11 Cal. App. 190 [104 Pac. 462], the court said:

"The answer . . . is as follows: 'Said defendant denies that the defendant became justly or otherwise indebted to B. E. Hooper for a balance on account for labor and services, or labor or services, rendered said defendant by said B. E. Hooper between the first day of March, 1907, and the first day of September, 1907, or any other time, in the sum of four hundred and thirteen and 56/100 dollars.'

"It is at once apparent that the foregoing denial involves a negative pregnant, the denial being in the precise sum alleged in that count of the complaint, and, therefore, an admission of an indebtedness of any lesser amount. (*Blankman* v. *Vallejo*, 15 Cal. 638; *Towdy* v. *Ellis*, 22 Cal. 650; Estee's Pleadings, sec. 3174.) "

In *Connecticut Mutual Life Insurance Co.* v. *Most*, 39 Cal. App. (2d) 634 [103 Pac. (2d) 1013], where the answer of defendant merely denied that the specific amount alleged in plaintiff's complaint to be due was due, the court said at page 640:

"Under proper rules of pleading the allegations might be construed as an admission that all but a single dollar of the amount claimed due was actually due and payable. The allegation of the answer, containing as it does a negative pregnant, was evasive and wholly insufficient to raise the issue of payment. (*Blankman et al.* v. *Vallejo*, 15 Cal. 639, 645; *Masters* v. *Lash*, 61 Cal. 622, 624; *Westbay* v. *Gray*, 116 Cal.

660, 663 [48 Pac. 800] ; *Provident Gold Min. Co.* v. *Haynes,* 173 Cal. 44, 48 [159 Pac. 155] ; *Janeway & Carpender* v. *Long Beach Co.,* 190 Cal. 150, 153 [211 Pac. 6] ; *Motor Investment Co.* v. *Breslauer,* 64 Cal. App. 230, 240 [221 Pac. 700].)''

██ Appellant next contends that there is no evidence that appellant Knafla was negligent. We find no merit in this contention. Section 511 of the Vehicle Code provides that the prima facie speed limit is 15 miles per hour when traversing such an intersection, ''if during the last 100 feet of his approach to such intersection the driver does not have a clear and unobstructed view of such intersection and of any traffic upon all of the highways entering such intersection for a distance of 100 feet along all such highways.'' It is admitted by all parties that this was a so-called ''blind'' intersection. There was evidence that appellant Knafla was operating the truck at the rate of 30 miles an hour when he entered the intersection and it is admitted that after his brakes were applied the front of his truck moved forward just a few feet but due to the fact that the driveshaft and brake line broke the rear end of the truck swung to the right in an arc until it was farther to the east than the front of the truck, striking and damaging respondent's automobile, from which the court might reasonably infer that the truck must have been traveling at a speed of more than 15 miles per hour. It is perhaps true that defendant Dorton, in making a left turn into the south half of the intersection, was more negligent than appellant Knafla, but the trial court was certainly justified in holding that the excessive speed at which appellant Knafla was traveling proximately contributed to the collision which resulted in the rear of the truck striking respondent's automobile, and that the concurring negligence of defendant Dorton and appellant Knafla combined to make them both liable. It is the function of the trial court to weigh the evidence and the record abundantly sustains the judgment in this case.

The judgment is modified by reducing it to the sum of $416.58, and as so modified, the judgment is affirmed. Respondent is to recover his costs on appeal.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing was denied April 9, 1942.