294 P.2d 370

## WINGFOOT CALIFORNIA HOMES CO., a corporation, Appellant,

v.

## The VALLEY NATIONAL BANK OF PHOENIX, a National Banking Association, Appellee.

### No. 6058.

Supreme Court of Arizona.

Feb. 21, 1956.

Rehearing Denied March 20, 1956.

Herbert Mallamo, Phoenix, Leslie O. Parry, Phoenix, of counsel, for appellant.

Gust, Rosenfeld, Divelbess & Robinette, Phoenix, for appellee.

PHELPS, Justice.

This is an appeal from an order granting a motion for summary judgment in favor of plaintiff below in an action brought to recover the principal, interest and attorneys' fees on 37 notes and mortgages, each of which constitutes a separate cause of action. Each note provides that should suit be brought thereon the maker agrees to pay all costs incurred in the collection thereof including reasonable attorneys' fees.

Paragraphs VII and VIII of each cause of action are as follows:

"VII

"That the sum of $150.00 is a reasonable sum to be allowed to the plaintiff as and for its attorneys' fees in this cause of action, and that the same is secured by the mortgage aforesaid.

"VIII

"That the plaintiff is the lawful owner and holder of the promissory note and mortgage securing the same described in this cause of action; that there is now due, owing and unpaid to the plaintiff from the defendant Wingfoot California Homes Co. on said note and mortgage the principal sum of $2,275.92 together with interest on the principal sum of $2,282.59 at the rate of 4¼ per cent per annum from December 1, 1953, to the date of the filing of this complaint, together with interest on the principal sum of $2,-275.92 at the rate of 4¼ per cent per annum from the date of the filing of this complaint until paid, together with the sum of $150.00 for plaintiff's attorneys' fees, together with plaintiff's costs of suit."

Paragraph IV of defendants' answer to each cause of action "denies the allegations contained in Paragraphs VII and VIII."

Thereafter plaintiff filed a motion for summary judgment which was granted upon the basis that there was no genuine issue of any material fact. The court granted recovery on the notes in full including $100 for attorneys' fees on each of the 37 causes of action and decreed foreclosure.

Defendants' assignment of error is predicated upon one question: Was there a genuine issue of fact before the court as to what constituted reasonable attorneys' fees

in this case at the time of the granting of the summary judgment? If so, summary judgment was improperly granted. It is defendants' contention that the denial of Paragraph VII of the complaint placed the matter of attorneys' fees in issue so that defendants were entitled to put in evidence on the subject and have this matter tried as an issue of fact. It was contended by plaintiff that defendants' denial constituted a negative pregnant with an admission and that it did not raise an issue of fact on the question of the reasonableness of attorneys' fees.

■ A denial wherein defendants admit certain stated allegations and allege that they are without knowledge or information sufficient to form a belief as to the truth of certain allegations, and deny generally other allegations, constitutes a qualified general denial. *2 Moore's Federal Practice 2d 1679*, section 8.23, General Denial, footnote 2. In the present case defendants admitted the allegations in Paragraphs I through V, alleged insufficient knowledge and information as to form a belief as to the truth of Paragraph VI which was equivalent to a denial; denied Paragraphs VII and VIII and alleged insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs IX, X and XI.

■ To this, plaintiff's argument was that this general denial that the reasonable value of attorneys' fees in each cause of action was $150, constituted a negative pregnant in that it admitted that any sum less than $150 was a reasonable sum. A negative pregnant with an admission may be defined as that form of denial which involves an affirmative implication favorable to the adversary. The general rule is that since a negative pregnant is a negative which implies an affirmative, it cannot be found in a general denial, because a general denial puts in issue every averment of the complaint which a plaintiff is required to prove to sustain his cause of action including jurisdiction. Rule 8(b), 21–405, A.C.A.1939. But where the defendant merely denies that a debt or damage is the precise sum alleged by the plaintiff it is an admission of the value, debt or damage in a lesser amount. Potter v. Home Owners' Loan Corporation, 50 Ariz. 285, 72 P.2d 429; Armer v. Dorton, 50 Cal.App.2d 413, 123 P.2d 94.

■ In the present instance the attorneys' fees sought to be recovered were $150 in each of the causes of action. The answer admitted certain allegations and denied other allegations of the complaint. The allegation concerning attorneys' fees is found in Paragraph VII of the complaint. The answer specifically denied Paragraph VII. This can only be interpreted to mean that defendants denied that $150 was a reasonable attorneys' fee in each cause of action for the services rendered for the plaintiff. By employing the use of a general specific denial as to Paragraph VII of the complaint does not invest the denial

with any of the legal effects of a general denial to the entire complaint which, as above stated, is construed as denial of every allegation in the complaint. The case of Herr v. Kennedy, 22 Ariz. 141, 195 P. 530, is almost "on all fours" with this case. And that case was cited in Eads v. Commercial Nat. Bank, 33 Ariz. 499, 266 P. 14, 62 A.L. R. 183. See also Stoudt v. Hanson, 62 Mont. 422, 205 P. 253.

Had defendants in this case desired to escape falling into the error of pleading a negative pregnant they should have denied the allegation in Paragraph VII of the complaint and admitted that said services were worth whatever sum in their judgment constituted reasonable attorneys' fees for the services rendered.

■ We are also of the view that Paragraph III of the answer denying Paragraph VII of the complaint does not meet the requirements of Rule 8(b), supra, which provides insofar as here material that:

"* * * Denials shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part or a qualification of an averment, he shall specify so much of it as is true and material and shall deny only the remainder. * * *"

Defendants did not deny that an attorneys' fee in some amount less than $150 would be a reasonable fee for the services rendered. In fact such a denial would have indicated on its face a lack of good faith on the part of the defendants in filing such a pleading. The only effect of the denial is that they contend that the sum of $150 is not reasonable. Such a denial does not fairly meet the substance of the averment in the complaint relating to attorneys' fees. If it was defendants' intention to deny that the sum of $150 was an unreasonable fee in order to form an issue on the reasonableness thereof it was incumbent on them, as above stated, to state in their pleadings the specific amount which they considered to be a maximum of the reasonable value thereof.

The order granting plaintiff's motion for summary judgment was correct. There were no genuine issues of a material fact raised by the answer.

Judgment affirmed.

LA PRADE, C. J., and WINDES, J., concur.

UDALL, Justice (dissenting).
It is my view that an issue of fact was raised as to the reasonableness of attorney's fees by defendant's unqualified denial of the allegations of Paragraph VII of plaintiff's complaint and hence, in my opinion, a summary judgment as to this feature should not have been entered. I do not construe this portion of the answer as being an evasive pleading, for as I see it the pleader intended in good faith to thereby create an issue.

Inasmuch as the majority sustains the action of the lower court in granting a sum-

mary judgment, on the basis that the portion of the answer in question is a negative pregnant, it would seem advisable to more fully define such term:

"Negative Pregnant. In pleading. A negative implying also an affirmative * * * Such a form of negative expression as may imply or carry within it an affirmative. * * *.

"A 'negative pregnant' is a denial in form, but is in fact an admission, as where the denial in haec verba includes the time and place, which are usually immaterial. * * *." Black's Law Dictionary, Third Edition, page 1229.

"A negative pregnant is such form of a negative expression as may carry with it an affirmative or at least an implication of some kind favorable to the adverse party. * * *" 71 C.J.S., Pleading, § 151.

The doctrine of negative pregnant is merely a specific application of the general rule that evasive and dilatory pleadings are defective. Thus if a plaintiff sets up a certain hypothesis in his pleading and defendant denies this is the same words used, including inconsequential and qualifying facts of the complaint, then the answer is considered evasive for the reason that defendant may just as logically be denying the inconsequential qualifying facts as the primary or material ones. Therefore to *punish* such evasiveness, the doctrine states that the denial will be considered as traversing only the immaterial and admitting the material issues of fact, and the denial (or negative) is spoken of as "pregnant with admission of the material issues."

I recognize that in the year 1921 this court, in Herr v. Kennedy, supra, committed us to the "negative pregnant doctrine". This principle was adhered to in the Eads and Potter cases which are cited in the majority opinion. However a careful examination of these decisions will show the answers therein challenged were by a denial *in ipsis verbis,* i. e., using the very words of the complaint. The pleadings in those cases were examples of a true "negative pregnant", but such is not the situation in the instant case where an unqualified general denial of paragraph VII was interposed.

As to the other two cases relied upon by the majority which come from foreign jurisdictions, I have these comments. The Armer v. Dorton case was decided in California by the District Court of Appeal, Fourth District, whereas the Second District Court in the case of Reinert v. Proud, 8 Cal.App.2d 169, 47 P.2d 491, held directly to the contrary. It appears that this conflict has not yet been resolved by the Supreme Court of California. In the Stoudt case from Montana, the reasonable attorney fee issue actually went to the jury, and since plaintiff's witness was uncontradicted as to the sum testified to as reasonable the court therefore directed the jury to return a verdict in that amount for the plaintiff. It is certainly not authority for the grant-

ing of a summary judgment by reason of a negative pregnant. Furthermore, the Montana tribunal referred to other cases as authority for its holding as having denials "similar in effect" to the denial there in issue. [62 Mont. 422, 205 P. 255.] The court however apparently had not carefully read its own citations, for in every case it cited the answer was by a denial *in ipsis verbis*. Thus the Stoudt case stands alone in its holding, and is contrary to the reason and authority behind the doctrine of negative pregnant.

The majority opinion concedes that a negative pregnant cannot be found in a broad general denial to an entire complaint. This is indubitably true. Where they thereafter err, in my opinion, is in their decision that the part of what they term a qualified general denial which denies the allegations of certain paragraphs operates in some other fashion than a general denial. They seem to concede that if defendant had generally denied the whole complaint, no negative pregnant would exist. Yet where precisely the same effect is created by a denial of all the allegations of a specific paragraph they shut their eyes to said effect and treat the denial as defective. I submit the same reasoning whereby no negative pregnant can be found in a general denial of the whole complaint applies to the denial herein, which as to paragraph VII operated as a general denial. Reinert v. Proud, supra; Edger v. Foster, 48 Cal.App. 2d 580, 120 P.2d 134. It should be noted that specific denial of designated paragraphs as was here done is expressly authorized by rule 8(b) of our Rules of Civil Procedure. (Formerly Sec. 21–405, A.C.A. 1939.) Why call the defendant's pleading a qualified *general* denial and then refuse to treat the general denial part thereof as such?

Specifically here, the defendant's denial of this paragraph traversed each and every allegation expressed or implied in plaintiff's pleading. Thus it traversed and raised an issue whether *any* attorney's fees at all were due. The majority opinion treats this analysis as an indication of bad faith upon the part of the pleader. The answer to this is that defendant *wished to put the plaintiff to his proof* of a reasonable fee. He admitted nothing of the paragraph traversed, neither the fact that this or any other sum is reasonable. This answer is not a denial of "the precise sum alleged by the plaintiff", but is, rather, denial of *any sum raised by the complaint*. Therefore it should not be construed to admit anything.

I strongly protest the holding, advanced by the majority, that it was incumbent upon defendant to admit that such services "were worth whatever sum in their judgment constituted reasonable attorneys' fees". It will be a sad day when defendants are forced by their answer to "state * * * the specific amount which they considered to be a maximum of the reasonable value thereof", for that will be the day when the classic burden of proof in a civil case is

lifted from the plaintiff and shifted to defendant by the simple act of filing a complaint for a sum due. To put upon defendant the burden of admission in his answering pleading is to shut one's eyes to the very purpose of adversary pleading as we know it today.

Since I do not agree that the pleading in question constitutes a negative pregnant, as I view it there is no occasion for us now to either approve or disapprove of such doctrine. It seems to me that the majority's ruling is not in harmony with the spirit of modern code pleading but is a survival of the days when the rules of the contest were more important than judgments based upon substantive rights. I was of the impression that when Arizona adopted the Federal Rules we were getting away from hairsplitting in the matter of pleadings, but apparently such is not the case. It is to be noted that Professor Moore in his monumental work (Moore's Federal Practice, 2nd Ed., Vol. 2) is very critical of preserving the archaic "negative pregnant doctrine." It is there pointed out in a footnote under section 8.24, page 1683:

"The doctrine of negative pregnant is the doctrine of the common law and that, together with many of the fictions of the common law has been abrogated by our statute, and a plain and simple construction of language based upon common sense understanding has been substituted."

I agree with this statement. Professor Moore goes on to say:

"It has been ably pointed out that the doctrine of negative pregnant is overrefined; that in most cases the intended meaning is clear. * * * At most it would seem that the denial should be subject only to a motion for more definite statement pursuant to Rule 12(e)."

See, Brown, Vestal and Ladd, Cases and Materials on Pleading and Procedure (1953), pp. 285–287.

It should be kept in mind that in the instant case we are dealing with a claim for relief containing 37 separate counts. In the aggregate plaintiff was asking for an attorney's fee of $5,500. The trial court in the face of a general denial as to the allegations of paragraph VII, without hearing a word of evidence, has "plucked a figure out of thin air" and said to plaintiff, "I will allow you an attorney's fee in the sum of $3700." I cannot subscribe to such action, as in my opinion there was an issue of fact to be determined.

I believe that the tendency of courts should be to liberalize pleadings with an end to having cases tried on their merits. For all the foregoing reasons I would reverse the judgment and send the matter back for a trial of this issue alone. See, Rules of Civil Procedure, rule 56(d). A.C.A.1939, § 21–1213.

STRUCKMEYER, J., concurs in this dissent.