[Civ. No. 9311.   Third Dist.   Mar. 20, 1958.]

CYRIL H. HEUSNER et al., Appellants, v. WILLIAM EMIL FLECK, Respondent.

*Assigned by Chairman of Judicial Council.

H. D. Jerrett for Appellants.

Albert L. Wagner and E. R. Vaughn for Respondent.

WARNE, J. pro tem.*—This is an appeal from a judgment in favor of the defendant in an action brought to cancel or reform a written contract whereby appellants conveyed a private road to respondent.

It appears that for many years prior to 1951 respondent had an easement in an old road on appellants' property. The road ran from a highway, across appellants' property, and then into and over respondent's adjoining property thereby affording both appellants and respondent access to the highway although appellants, but not respondent, had other means of entrance to their property. In 1950 appellants desired to build a reservoir which would inundate a portion of the road. Appellants also desired to construct and maintain a spillway upon respondent's land in connection with the dam. Appellants discussed the matter with the respondent who orally agreed to quitclaim his easement in the road and grant an easement for the spillway to appellants provided that they build a new road and grant him an easement therein. It was further agreed that appellants would bear the entire cost of the maintenance of the new road for a period of two or three years after its construction. In accordance with such understanding, a written agreement was prepared by respondent's attorney. Appellants refused to sign the written agreement because of the maintenance provision. Respondent then agreed to reduce the period during which appellants were to bear the entire cost of maintenance from two or three years to one

---

*Assigned by Chairman of Judicial Council.

but insisted that thereafter appellants should be jointly liable with him for maintenance of the road. When appellants objected to the joint maintenance provision, respondent agreed to a deletion thereof but demanded that he be given a deed to the road. Thereafter, respondent's attorney drafted an agreement which was executed by the parties under date of April 13, 1951, and recorded at the request of respondent's attorney on August 6, 1952.

The executed agreement described the parties' properties, recited that respondent had an easement in the road extending across appellants' property, and declared that appellants intended to construct a dam and spillway which would destroy the road. The agreement further declared that respondent would permit the proposed construction provided that appellants "grant to" respondent "the fee title to" the new road, and that "as a further consideration" to appellants for construction of the new road, respondent would grant to appellants "the right to construct" upon respondent's property "a spillway as an appurtenant to said land." The agreement then provided that the respondent did "by these presents remise, release, and quit claim" to appellants all his "right, title and interest . . . in and to the existing roadway" and that appellants did thereby "grant and convey unto" respondent a specifically described strip of land upon which appellants agreed to construct the new road and to gravel and maintain it during the entire first year following its construction. In accordance with the agreement appellants built the dam and spillway and constructed the new road which was approximately 2,400 feet in length and connected with that portion of the old road which was not replaced, which portion, 405 feet in length, bridged the gap between the new construction and the highway. The parties used the new road, as they had the old road, until the latter part of 1953 when respondent chained and padlocked the gate at the entrance to the highway. Appellants cut the chain and continued to use the road. However, at the request of respondent his attorney protested appellants' action and notified them that they had conveyed the fee to the strip of land upon which the road was located to the respondent and that appellants had no right to use the road or interfere with the gate. Nothing further transpired until 1956 when respondent personally, and in abusive language, ordered one of the appellants off the road, telling him he had no right to use it. Following this occurrence, appellants brought this action seeking to cancel or reform the aforemen-

tioned written agreement which was pleaded *in haec verba.* The complaint alleged as ground for relief that there was no delivery or conveyance with intent to convey a fee title to respondent; that appellants had no knowledge of the recording of the agreement prior to June 4, 1956; that if the agreement were left outstanding there was "reasonable apprehension" that it would "cause serious injury to" appellants: that the agreement was void; and that if respondent were "allowed to retain the fruits of his own fraud, he would be unjustly enriched . . ." No facts in support of these conclusionary allegations were pleaded and no evidence was introduced in support thereof. Appellants did not contradict the facts as above set forth but merely testified that they did not read in detail the agreement which they signed and that they had not intended to include or cover the 405 feet of the old road which was not replaced.

The grant was without a reservation of any kind. Respondent gave up his easement in the old road and appellants agreed to build a new road on the land they conveyed in fee to the defendant. The reference in the deed to the conveyance for roadway purposes was merely descriptive of consideration. As stated in *Taylor* v. *Avila,* 175 Cal. 203, at page 206 [165 P. 533], concerning appellants' claim to an easement: "The rule that a grant, bargain, and sale deed operates to pass the title in fee, unless it contains in itself some limitation, exception, or reservation, and that it estops the grantor thereafter from claiming any right or estate in the land so conveyed, is too well settled to require citation of authority. We find in the above deed no limitation or qualification whatever upon the fee-simple estate granted. The plaintiff having made such conveyance, is estopped from asserting that it did not convey the entire estate in the land described."

The trial court found that prior to the 13th day of April, 1951, the appellants and respondent were the owners of particular parcels of real property, and that on said day they entered into an agreement in writing by the terms of which the appellants granted to the respondent in fee the real property involved in this action.

Appellants' contention that the findings are contrary to the admissions in the pleadings is without merit. All of the allegations of the complaint are controverted either by a specific or general denial. Respondent was not required, as is contended by appellants, to separately and specifically answer each and every allegation. Section 437 of the Code of Civil

582

Procedure, as amended in 1927, provides in part that the denials may be stated (a) "by reference to specific paragraphs or parts of the complaint"; or (b) "by express admission of certain allegations of the complaint with a general denial of all of the allegations not so admitted"; and (c) "a statement of any new matter constituting a defense . . ." (see *Edger* v. *Foster*, 48 Cal.App.2d 580, 583 [120 P.2d 134]; *Reinert* v. *Proud*, 8 Cal.App.2d 169, 170 [47 P.2d 491]; 2 Witkin, California Procedure (1954) 1512-1513.)

█ Nor is there any merit in appellants' contention that respondent's answer to paragraphs III and IV of the complaint are insufficient. Paragraph III alleges that the lands of the appellants and respondent "have for a long time hitherto been served jointly" by a specifically described road leading from State Highway 50, thence over appellants' land to respondent's adjoining land and that "said roadway had at all times been used jointly by plaintiffs and defendant and their respective predecessors in interest, continuously and uninterruptedly, . . . in said location, and in any new location, until on or about the 4th day of June, 1956." Paragraph IV alleges that on the 13th day of April, 1951, appellants signed a "document designated as 'Agreement' purporting to be in part a conveyance between" the respondent and the appellants. The document is then set out *in haec verba*. The answer specifically denies said allegations and in addition alleges that the roadway serving the lands of respondent is owned by respondent in fee simple. Paragraph IV is also answered.

The judgment is supported by substantial evidence and we find no errors in the record. We conclude that it is not necessary to discuss other matters presented in the briefs.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.