381 P.2d 591

**Guiseppi A. FRANK, Appellant,**

**v.**

**Dwight L. SOLOMON, Appellee.**

**No. 7237.**

Supreme Court of Arizona.

May 8, 1963.

Rehearing Denied May 28, 1963.

Charles M. Duecy, Scottsdale, for appellant.

George M. Sterling, Phoenix, for appellee.

UDALL, Vice Chief Justice.

In the trial below plaintiff, an attorney, was granted judgment on the pleadings for the sum of $8,575. This allegedly represented reasonable attorneys' fee for legal service given the defendant in an earlier action, less a sum already paid. Defendant appeals.

Plaintiff alleged in the complaint, inter alia, that reasonable value of the services rendered for defendant was $8,750 of which $175 had been paid. Defendant answered admitting the payment of $175, denying and admitting certain other specific allegations, and denying that reasonable value of attorneys' fee was $8,750.

The trial commenced, the pleadings were read, the plaintiff waived opening arguments and defendant presented opening argument. Plaintiff's counsel then moved for judgment on the pleadings pursuant to Ariz.R.Civ.P., Rule 12(c), 16 A.R.S., advancing his theory that defendant's denial of the reasonableness of the sum amounted to a negative pregnant. Defendant's counsel moved for leave to amend its answer under authority of Ariz.R.Civ.P., Rule 15 (a). Plaintiff's motion was granted and defendant's denied. Defendant appeals from these rulings and asserts four assignments of error the first of which alone we will discuss. He said:

> "The court below erred in not permitting defendant to amend his pleadings * * * in that it prevented the cause from being heard on its merits and was an abuse of the court's discretion."

Upon a review of basic principles of pleading we find this assignment well taken.

■■ The modern Rules of Civil Procedure were intended to promote the administration of justice by removing the technical requirements of common law pleading. Dons Club v. Anderson, 83 Ariz. 94, 317 P.2d 534 (1957). Victory v. Manning, Cir., 128 F.2d 415 (1942). In keeping with this spirit the rule under consideration, Rule 15(a) regarding leave to amend, is couched in language of liberality. It specifically states that "Leave to amend shall be freely given when justice requires." Furthermore, this Court has stated that amendments of pleadings should be allowed with great liberality to the end that every cause of action shall be decided on its merits whenever possible without prejudice to the other party. Boyle v. Webb, 54 Ariz. 188, 94 P.2d 642 (1939). See also Colboch v. Aviation Credit Corp., 64 Ariz. 88, 166 P.2d 584 (1946); Baxter v. Harrison, 83 Ariz. 354, 321 P.2d 1019 (1958); Conway v. State Consolidated Pub. Co., 57 Ariz. 162, 112 P.2d 218 (1941).[1]

■ The trial judge's refusal in the case at bar to permit the defendant the privilege to amend his answer to avoid losing a substantial property interest because of an alleged highly technical defect in his answer draws our attention to the wisdom of the above expressed principles. The record before us indicates that defendant, by amending his answer, could have easily remedied any possible ambiguities it may have contained.[2] Defendant is entitled to his day in court, and to have denied him that when his handicap could have been so easily remedied was an abuse of the court's discretion.

Appurtenant to our conclusion regarding the court's refusal to allow an amendment to the answer, but necessarily following it because it was the theory upon which the court grounded its refusal, is a comment on the application of the negative pregnant doctrine to this case. This Court has in the past adhered to that doctrine. See Wingfoot California Homes Co. v. Valley Nat. Bank, 80 Ariz. 133, 294 P.2d 370 (1956); Potter v. Home Owners' Loan Corp., 50 Ariz. 285, 72 P.2d 429 (1937);

1. The California Supreme Court has said: " * * * [T]he reviewing court should apply the rule that the trial court may not summarily enter a judgment in favor of defendant without first according to plaintiff leave to amend if such leave is requested and it appears probable that plaintiff can amend to remedy the alleged defects in the complaint." Beverage v. Canton Placer Mining Co., 43 Cal.2d 769, 278 P.2d 694, 697 (1955).

See also 41 Am.Jur. Pleading § 293; and Victory v. Manning, supra.
2. He would have added the following words immediately after his admission that he had paid $175: "which is the reasonable value of the services furnished to defendant by the plaintiff, and therefore defendant does not owe plaintiff any further sum for his services alleged herein."

Eads v. Commercial Nat. Bank, 33 Ariz. 499, 266 P. 14, 62 A.L.R. 183 (1928); and Herr v. Kennedy, 22 Ariz. 141, 195 P. 530 (1921), where we made the doctrine law in this state.

 The term is defined in Black's Law Dictionary, Fourth Edition, page 1183, as follows:

"In pleading, a negative implying also an affirmative. * * * Such a form of negative expression as may imply or carry within it an affirmative. [citations].

"* * * A 'negative pregnant,' is a denial in form, but is in fact an admission, as where the denial in haec verba includes the time and place, which are usually immaterial. [citations].

"A denial in such form as to imply or express an admission of the substantial fact which apparently is controverted; or a denial which, although in the form of a traverse, really admits the important facts contained in the allegation to which it relates. [citations]."

The late Chief Justice Levi Udall in a dissenting opinion to the Wingfoot case, supra, wrote as follows:

"The doctrine of negative pregnant is merely a specific application of the general rule that evasive and dilatory pleadings are defective."

To this interpretation we subscribe, but the general rule is not applicable in the case at bar. Defendant denied simply that $8,750 represented reasonable value of attorneys' fee. There seems in this nothing that is evasive or dilatory. Furthermore, it presents a controversy of a material matter. Such a denial leaves for the trier of facts to determine if $8,750 is a reasonable sum or, if it is not, what a reasonable sum might be.[3] See Crouch v. Pixler, 83 Ariz. 310, 320 P.2d 943 (1958). It is a classic example of the absurdity of a technical application of the negative pregnant doctrine in that it fashions an honest denial into a sword which when turned upon its artificer brings serious injury upon him.

 In this age, as we have stated earlier, pleadings are intended to assure a judgment on the merits of a case rather than to impede such a judgment.[4] Consequently no serious penalty should attach to

---

3. We note that in the case before us the trial court awarded the exact amount prayed for in the complaint rather than some lesser amount as is called for by proper application of the doctrine. See Wingfoot, supra.

4. See also Scott & Payne v. Potomac Insurance Co. of D. C., 217 Or. 323, 341 P.2d 1083 (1959) where it was stated that judgment on the merits is to be favored over judgment on the pleadings.

a denial which contains a negative pregnant where the pleader, in good faith, is seeking to controvert certain allegations. Moore's Federal Practice, 2d Ed., Vol. 2, § 8:24, page 1830. Judgment on the pleadings in this case was a serious penalty imposed on a good faith denial. The trial judge violated the spirit of our modern code pleadings.

Judgment is reversed and a trial ordered.

BERNSTEIN, C. J., and STRUCK-MEYER and LOCKWOOD, JJ., concur.