No. 9528.

CITY AND COUNTY OF DENVER *v.* ST. JAMES TOURING CAR & TAXICAB COMPANY.

1. MUNICIPAL CORPORATIONS—*Liability in Respect of Public Works Constructed by it Beyond the Corporate Limits.* The city of Denver, acting under legislative authority, contributed money to aid in the construction of a public road extending beyond its limits, and its officials having authority in the premises sent employes to assist in such work. They were guilty of negligence, and damage ensued to one using such highway. The municipality was liable.

2. NEGLIGENCE—*Public Highway.* An uncompleted bridge in the public highway is left without lights or guards in the night time, and by reason of these conditions an accident occurs to the traveler who is proceeding with due care. Those chargeable with the neglect are liable to the injured party.

*Error to Denver District Court, Hon. John A. Perry, Judge.*

Mr. J. A. MARSH and Mr. THOMAS H. GIBSON, for plaintiff in error.

Messrs. BARTELS & BLOOD, for defendant in error.

Mr. Justice Teller delivered the opinion of the court.

THE defendant in error brought suit against the plaintiff in error for damages to one of its automobiles resulting, as it was alleged, from a defect in a highway, which was under the charge of said City of Denver. The complaint alleged that the City of Denver, under the authority of its charter, had entered into a contract with the Colorado Bridge and Construction Company for the construction of a bridge on the Bear Creek road between Denver and one of its mountain parks. It further alleged that the city had negligently left an opening in said road at the end of a newly constructed bridge into which opening one of plaintiff's automobiles was driven in the night time and greatly damaged.

The city's defense was that it was a party to said contract only to the extent that it was bound to furnish a part of the funds necessary for the building of said road; that the work was under the control of the State Highway Commission, which was also a party to the contract.

A verdict for plaintiff was returned in the sum of Four Hundred Forty-two Dollars ($442.00), upon which judgment was entered. The cause is now here for review.

In the view we take of the case, it will not be necessary to determine precisely what obligation the city assumed in the said contract, or to what extent it may control the building of roads outside of its own limits. It is conceded that the charter authorizes the city to construct and maintain public roads, and to aid in constructing and maintaining them, for the purpose of establishing a system of roads connecting the City and County of Denver with certain public parks. The evidence shows that prior to the accident in question, the bridge company had completed the bridge and

turned it over to the party who was employed, either by the Highway Commission, or the city, or by both, as an inspector.

It is also shown, and not disputed, that on the day prior to the accident, a party of city employes which had been for some time engaged upon the road, began the work of what is called "back filling" at this bridge; that is, they were filling in dirt between the bridge and the end of the highway on either side. This work was under the general supervision of the superintendent of mountain parks, an employe of the City of Denver. He was acting, it appears, under the authority of the Manager of Improvements and Parks, an officer who had general charge of the public improvements and parks of the City of Denver. The action of these officers appears to be a contemporaneous construction of the contract in question. They were acting clearly within their authority, as stated in the charter provision mentioned. That being so, if the city was negligent, it was liable. No question is made as to such negligence. The road was left without obstruction near the bridge, and without lights, and the accident occurred in the night time. Possibly the evidence would have justified a finding of contributory negligence on the part of the driver of the car, but the jury found to the contrary, and we are not at liberty to disturb the finding.

We find no error in the record and the judgment is accordingly affirmed.

*Affirmed.*

Chief Justice Garrigues and Mr. Justice Burke concur.