## Kirby's Administrator v. Berea College.

(Decided November 3, 1922.)

### Appeal from Madison Circuit Court.

1. Appeal and Error—Judgment Incorporated in Statement.—No judgment will be considered or reviewed on appeal which is not incorporated in the statement required by section 739 of the Civil Code of Practice.

2. Appeal and Error—Review—New Trial.—To complain in a motion for a new trial that the verdict is "contrary to law" and that a new trial should be granted because of "errors of law occurring at the trial and excepted to by the plaintiff at the time," are each of them too general and are not sufficiently specific to authorize a review of the special errors complained of, among which are the giving and refusing of instructions including the giving of a peremptory instruction.

3. Physicians and Surgeons—Damages—Failure to Exercise Reasonable Care—Hospitals and Nurses.—A physician or surgeon is answerable for damages sustained by his patient or for his death resulting from want of the requisite knowledge and skill, or from his failure to use reasonable care and diligence in the treatment of the patient, including a diagnosis of the case so as to discover the patient's malady; and the standard of skill which the physician should possess and the care which he should exercise are that skill and care and diligence possessed and exercised by physicians in similar neighborhoods and similar surroundings and engaged in the same general line of practice; and the same standard of liability applies to those engaged in operating a hospital and to nurses in charge of the patient in the discharge of their respective duties as such.

4. Damages—Peremptory Instruction.—Evidence, as set out in the opinion, examined and held, that a peremptory instruction to find for defendants was proper.

J. R. LLEWELLYN, J. B. CHENAULT and CHENAULT & CHENAULT for appellant.

A. R. BURNAM, JR., and J. J. GREENLEAF for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Appellant and plaintiff below, Larkin Kirby, as administrator of his deceased daughter, Nettie M. Kirby, filed this action in the Madison circuit court against the appellees and defendants below, Berea College, Dr. Harlan Dudley, Dr. R. H. Cowley, Mary S. Longacre and Nellie V. Miller, seeking the recovery of a judgment for $20,000.00 against all of these defendants because of al-

354 KENTUCKY REPORTS. [Vol. 196.

leged negligence, unskilfullness, ignorance and maltreatment of plaintiff's decedent while she, as a student in Berea College, was an inmate of the hospital operated in connection therewith while afflicted with measles which developed into pneumonia followed by her death. It is alleged in substance that the hospital was maintained by the college and that defendant, Cowley, was the chief surgeon in charge and defendant, Dudley, was his assistant; that defendant, Longacre, was the superintendent of the hospital and defendant, Miller, was superintendent of nurses in it; that the physician defendants either failed to exercise ordinary care and skill in examining, treating, and attending the decedent, or were so ignorant as to render them incompetent therefor, and that the other individual defendants did not properly nurse, administer to and care for the patient, and negligently failed to perform their legal duties, whereby she contracted the disease which produced her death, and that the nurse immediately in charge of her (Miss Emily Neeley) was not only incompetent but also brutal, which facts were known by defendants, and as a consequence decedent was maltreated and was compelled to do and perform improper acts resulting in the production of pneumonia of which she died.

A demurrer filed to the petition was sustained as to the defendants, Longacre and Miller, and upon failure to further plead, the petition was dismissed as to them, but the demurrer was overruled as to the other defendants and they answered and denied the affirmative allegations in the petition, and the college in a separate paragraph pleaded its exemption from liability because it was a charitable institution, thereby invoking the doctrine of the case of Emery v. Jewish Hospital Association, 193 Ky. 400, and others referred to therein; while in a third paragraph all of the answering defendants relied on a plea of contributory negligence. The reply denied the two affirmative paragraphs of the answer and a trial resulted in a directed verdict for defendants upon which judgment was rendered, and plaintiff's motion for a new trial being overruled he has prosecuted this appeal.

The propriety of the judgment sustaining the demurrer as to the two defendants named, and dismissing the petition as to them, is questioned on this appeal and a reversal of it is asked, but the statement required by section 739 of the Civil Code makes no complaint of or

reference to it, but shows the appeal to be prosecuted only from the judgment based on the directed verdict, and, under numerous decisions of this court, we are forbidden to review the judgment in favor of those two defendants.

The great burden of the argument for reversal is directed toward the support of the contention that the evidence introduced by plaintiff was sufficient to require a submission of the issues to the jury, and that the court erred in holding to the contrary and in giving the peremptory instruction; but we are not convinced of the sufficiency of the grounds stated in the motion for a new trial to raise that question. Those grounds are:.

"1. The court erred in rejecting competent evidence offered by the plaintiff.

"2. That the verdict is not sustained by sufficient evidence, or is contrary to law.

"3. Errors of law occurring at the trial and excepted to by the plaintiff at the time same occurred."

The latter part of ground two, and ground three are each stated in such general terms as not to call the attention of the court to any particular error relied on, and in the cases of Grover Lodge v. Fidelity Phoenix Co. 191 Ky. 666; Ortwein v. Droste, idem 17; Louisville & Nashville Railroad Co. v. Woodford and Ireland, 152 Ky. 398; Chas. Taylor Sons Co. v. Hunt, 163 Ky. 120; American Credit-Indemnity Co., etc. v. National Clothing Co., 122 S. W. R. (Ky.) 840, and McClain v. Dibble, 13 Bush 297, it was held that such general statements without specifying the errors relied on do not furnish grounds for reversal, and that such generalization is not sufficient to authorize this court to review particular complained of errors such as the giving of instructions, etc. In the American Credit-Indemnity Co. case the ground held to be insufficient was "error of law occurring at the trial and excepted to at the time by this defendant." The same was true in the Woodford and Ireland case; while in the Ortwein and Grove Lodge cases the motion said that the verdict "is contrary to law." In denying its sufficiency we said in the latter case: "To say in a motion for a new trial that a verdict 'is contrary to law' is too general and will not raise the error, if any, in giving and refusing instructions." In the McClain case the ground was "because of errors of law occurring on the trial, and excepted to by defendant at the time,"

and it was held to be insufficient to authorize a review of an alleged error in giving instructions, the opinion saying: "In this case the appellant excepted to the instructions given, but he did not specify that alleged error in his motion for a new trial." It was further said.in that opinion that "The lawmakers generalized in order to cover all errors to which exceptions might be taken, not embraced by some one of the preceding seven subsections; but they did not intend that the entire trial and every step taken in it should be opened, and the circuit court compelled to review each and every ruling excepted to, in order to discover whether or not any of them had prejudiced the unsuccessful party, by the mere act upon his part of adopting their language."

The practice, as so interpreted and adopted, has been consistently followed, and under it the only errors presented for review in this case are, the rejection of offered evidence by plaintiff (stated in ground 1), and the sufficiency of the evidence to sustain the verdict (stated in the first part of ground 2). The first of those two is not argued in briefs and we have examined the transcript in vain to find any offered evidence by plaintiff which the court rejected. If, forsooth, our reading of the record failed to detect any such, if contained in the record, we are sure that it is entirely immaterial in view of the two facts that it was not pointed out to us in brief, and that our attention was not called to it while reading the transcript. That the evidence is sufficient to sustain the verdict there can be no doubt, for, in the absence of our right to review the action of the court in giving the peremptory instruction, the only question properly presented in the second stated ground above is, whether the verdict is sustainable had the jury been properly instructd.

If, however, we should waive the insufficiency of the grounds to present the question of the propriety of the peremptory instruction, the result would be the same, since we are convinced from the evidence that plaintiff failed to sustain his alleged cause of action.

The decedent contracted the measles and was put into the hospital on January 23, 1920, and died from pneumonia on February 4, thereafter. Plaintiff introduced three physicians, not connected with the college or its hospital, who visited the decedent either on January 30 or 31, and they diagnosed the case as what they term "patchy" pneumonia, which condition they thought had

been developing for, perhaps, as long as forty-eight hours, but they were not absolutely sure of that fact. They were furnished and examined the chart made by the nurse or nurses in charge of the patient, upon which was recorded not only her temperature, respiration, etc., but also the treatment of her, and they testified in substance that they saw nothing indicating improper treatment. Of course, they could not tell when the physician in charge of the patient discovered or detected the development of pneumonia. That physician was Dr. Grant, a female, who did not testify nor was there any statement of hers proven. No admissions of any dereliction of duty were proven against either of the defendant physicians further than is proven that Dr. Dudley stated that he had not discovered the pneumonia before the examination of the patient by the physician witnesses because Dr. Grant had charge of her, and that he was busily engaged with numerous other patients then confined in the hospital, there being an epidemic of influenza and measles prevailing at the time. It was furthermore testified that on some occasions, but how long prior to the development of pneumonia is not shown, the patient was permitted to walk from her bed to the toilet, a distance of some twenty-five feet, but the hospital was proven to be warm and comfortable at the time as well as kept and maintained in the best condition. Some of the physician witnesses testified that it might not be the best and most approved method to allow such action on the part of the patient, but they did not pretend to say that the pneumonia could be attributed with any degree of certainty to it, nor do we understand their testimony to condemn it in an ordinary case of measles. A witness for plaintiff testified that some time after the deceased became a patient in the hospital, but just at what time it is not stated, the nurse in charge (Miss Neeley) struck the deceased on the shoulder while she was in the toilet, and at one time declined to hand her a drink of water, and much is attempted to be made out of that testimony. But our examination of the record convinces us that the contention is far-fetched, remote and fanciful. The same witness testified, in substance, that the patient was noisy and somewhat unruly, and that the alleged striking was only a gentle stroke on the shoulder accompanied with a request from the nurse to the patient that "you must not make so much noise." The witness also stated that the

incident did not cause the patient to be excited or in any wise unnerve her so far as witness could observe, and that the witness did not observe any other mistreatment of decedent or other patients by the same nurse. Another witness introduced by plaintiff stated: "I never knew her (the same nurse) to mistreat a patient." So that, we regard that testimony as wholly insufficient to support any of the alleged causes of action. Of course, if it had been shown that the nurse was guilty of acts of such cruel and brutal nature as to be reasonably calculated to produce nervousness, excitement or other conditions from which pneumonia could be reasonably attributed, a different question would be presented, but the testimony relied on falls far short of proving any such treatment on the part of the nurse in charge and shows, at most, that she on one occasion became impatient at the unnecessary noise made by the deceased and gently reprimanded her for doing so accompanied with a request to desist.

Physicians and those having in charge the treatment of patients are not required to insure their recovery; their measure of duty is to possess such knowledge and skill as possessed by others similarly engaged in like communities and to exercise ordinary care in the application of such knowledge and skill. Stevenson v. Yates, 183 Ky. 196. That duty does not require the performance of every act which the most cautious and skillful would employ, and before liability will attach it must appear that the damages sued for were the proximate result of some alleged act of omission or commission on the part of the defendant in malpractice cases. Barrett's Admr. v. Brand, 179 Ky. 740. Mere speculation or remote probability is not sufficient to fix liability.

The defense of the college that it was a charitable institution is not presented on this appeal, since an issue was made as to it, and because the case went off on a peremptory instruction no evidence was introduced thereon.

For the reasons indicated the judgment appealed from is affirmed.