LOUISE M. BENNETT, as Administratrix of the Estate of JACOB BENNETT, Deceased, Respondent, *v.* THE TOWN OF KENT, Defendant, and THE CITY OF NEW YORK, Appellant.

Negligence — highways — New York city — maintenance of causeway through reservoir — duty of city to maintain highway in reasonably safe condition for travel — not bound, as matter of law, to erect barriers — action to recover for death through drowning of driver of automobile — erroneous charge that it was duty of city to maintain barriers between reservoir and highway.

1. The city of New York, in maintaining a causeway through one of its reservoirs outside the city, under such circumstances that it assumes the same responsibility for its safe condition for travel as for one of its streets, is bound to exercise reasonable prudence to maintain its highway in a reasonably safe condition for travel, and travel includes such incidental operations as the passage by each other of vehicles and, if necessary, the moving of such vehicles or one of them upon the side of the highway.

2. The city, however, is under no duty, as a matter of law, to erect barriers and, in an action to recover for the death through drowning of the driver of an automobile who slipped into the water while attempting to get his car back on the roadway, it having been shoved to one side to let another go by, it is reversible error for the trial justice to instruct the jury, in his main charge and in passing upon requests, that it was the duty of the city, as matter of law, to maintain barriers between the reservoir and the highway. It was the duty of the city to erect barriers only if its obligation to keep its highway in a reasonably safe condition for travel required it to do so, and it cannot be said, as matter of law, that the city ought to have apprehended, in the exercise of reasonable prudence, that such an accident might happen in broad daylight unless barriers were erected to prevent it.

*Bennett* v. *Town of Kent*, 213 App. Div. 873, reversed.

(Argued October 29, 1925; decided December 15, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial

25

department, entered April 17, 1925, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*George P. Nicholson, Corporation Counsel (John F. O'Brien, Elliot S. Benedict* and *Charles C. Marrin* of counsel), for appellant. The court committed reversible error in that part of the charge respecting the duty of landowners to erect barriers and to guard excavations on their property. (*King* v. *Village of Fort Ann,* 180 N. Y. 496; *Jaffy* v. *N. Y. C. & H. R. R. R. Co.,* 118 Misc. Rep. 147, 149.)

*John E. Mack* and *Willis H. Ryder* for respondent. The charge of the trial court that when an owner makes an excavation on his own land so near to the highway as to render travel thereon dangerous, and fails to guard it, he is chargeable with negligence if a person sustains injury therefrom in the absence of negligence on the part of the party injured contributing thereto, is a correct exposition of the law. (*Friedel* v. *Coffin,* 155 App. Div. 559; *Donnelly* v. *City of Rochester,* 166 N. Y. 315; *Healy* v. *Vorndran,* 65 App. Div. 353.)

HISCOCK, Ch. J. The defendant, City of New York, maintained a causeway through one of its reservoirs in the county of Putnam under such circumstances that it assumed the same responsibility for its safe condition for travel as it would for one of its streets. This causeway consisted of a portion designed for travel which was about eight and one-third feet wide and of a grassy slope ten feet wide on one side of the traveled portion and fourteen feet on the other, running down to a layer of rip-rap which in turn ran into the water. As I understand the map, the crown of the causeway was about four feet above the level of the water and there is no doubt that there was quite a steep slope from it to the water.

The intestate, who was working for some contractor,

on the morning of the day of the accident gathered some companions in an automobile and rode around the country doing more or less drinking. At about four o'clock in the afternoon he started to cross this causeway in the automobile and the engine stalled. While in this situation a mail carrier approached from the other direction with a horse and wagon. In order to let him go by intestate and his companions and the mail carrier shoved the automobile off on one side of the causeway so that the outer front wheel rested on the rip-rap. After the carrier got by the operation was undertaken of getting the car back on to the roadway and while attempting this proceeding intestate was on the side of the automobile towards the water. Presently, in some manner not well explained, he slipped off the bank into the reservoir and, notwithstanding that ample attempts were made to save him, he drowned, although the water was not deep. There had been a fence constructed along this causeway between the grass slope and the rip-rap but apparently this had become decayed and of no great use as a guard at the time of the accident.

Under the circumstances the defendant was bound to exercise reasonable prudence to maintain its highway in a reasonably safe condition for travel, and travel would include such incidental operations as the passage by each other of vehicles and if necessary the moving of such vehicles or one of them upon the side of the highway.

The trial justice correctly charged the jury concerning the obligations of the defendant in respect of the highway proper and if he had stopped there we should find no occasion for reversing the judgment. He, however, separated the reservoir from the highway and considering it by itself charged the jury concerning the duties of the defendant with respect to that. He charged them that it was the duty of the defendant as matter of law to maintain barriers between the reservoir and the highway, simply leaving it to the jury to decide what the nature of

those barriers should be. This imposed an undue burden upon the defendant. It was perfectly proper for it to maintain a reservoir by the side of its highway and it was not in the same position as a landowner who improperly constructs an excavation so near a highway that it is to be reasonably assumed that a traveler will fall into it. The whole situation of highway and reservoir was to be considered as an entirety and, as has been said, it was the duty of the defendant to take pains to keep its highway in a reasonably safe condition for travel, and if that obligation required it to erect barriers alongside its reservoir it was its duty to do so. That was the extent of its liability. It was under no duty as a matter of law to erect barriers and before a jury could find it guilty of negligence in not erecting such barriers it would be obliged to say that the city ought to have apprehended in the exercise of reasonable prudence that some such accident as this might happen unless barriers were erected to prevent it. This cannot be said as a matter of law.

This erroneous view of the trial judge both in the main charge and in passing upon requests to charge was so thoroughly imbedded in the instructions to the jury that it gave a substantially wrong slant to the case and cannot be disregarded.

The judgments should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgments reversed, etc.