29756.  CARMICHAEL *v.* FIRST NATIONAL BANK OF BIRMINGHAM, trustee.

DECIDED NOVEMBER 14, 1942.

*George B. Rush,* for plaintiff in error.  *Alex M. Hitz,* contra.

STEPHENS, P. J.  The First National Bank of Birmingham, as trustee, brought suit against D. L. Carmichael on notes aggregating $8500 principal. The notes were executed by the defendant on June 12, 1929, in favor of the First National Bank of Birming-

ham, and had been transferred by the bank to itself as trustee. The petition shows that the last of the notes matured on June 12, 1934, and that the notes bore interest at the legal rate from maturity until paid. The plaintiff alleged that it was the owner and holder of the notes, and that there was a balance remaining due thereon of $5166.30 principal with interest thereon from June 28, 1933, at eight per cent.

The defendant admitted the execution of the notes but denied that he was liable thereon. He alleged that the notes were secured by certain real estate situated in Birmingham, Alabama, which was sold by the plaintiff under power of sale contained in the mortgage deed; that before the sale the defendant went to the plaintiff's office in Birmingham and talked with an officer of the bank with a view of preventing the foreclosure and the rendition of a deficiency judgment against him; that the defendant offered to convey to the bank the property in settlement of the balance due on the notes; that the officer of the bank stated that in order to clear the title it would be necessary to foreclose, but gave the defendant assurance that the property would be accepted by the bank in full settlement of the balance due the bank when the property was sold through the foreclosure proceeding; that the defendant relied on this assurance and did not attend the foreclosure sale or do anything further about the matter. He also alleged that the notes under the acceleration clause thereof were due and he was in default in their payment when the plaintiff acquired them, and that the plaintiff was not a bona fide purchaser for value before maturity. He further alleged that the plaintiff, not being a holder in due course, was bound by the agreement of the original payee to accept the property in full satisfaction of the balance due.

The plaintiff demurred to the answer. The demurrers were overruled and the plaintiff excepted pendente lite. The case came on for trial and at the conclusion of the evidence, on motion of the plaintiff, the judge directed a verdict for it. The defendant made a motion for new trial which was overruled and he excepted. The verdict was rendered on November 24, 1941, and the bill of exceptions, in which both the order denying a new trial and the direction of the verdict were excepted to, was tendered for certification on June 4, 1942, subsequently to May 9, 1942, when the motion for new trial was overruled. The motion for new trial did not

assign error on the direction of a verdict. The exception to the direction of a verdict was contained only in the bill of exceptions, which was tendered for certification and filed in the trial court in June 1942, subsequently to the direction of the verdict on November 24, 1941. There was no exception pendente lite to the direction of the verdict. It follows that, if there was competent evidence tending to authorize the verdict directed, the court in the absence of any other error, did not err in overruling the motion for new trial. *Smith* v. *Wood,* 189 *Ga.* 695 (7 S. E. 2d, 255).

There was evidence on behalf of the plaintiff from which the jury were authorized to find that no officer of the plaintiff or of the bank, the original payee of the notes, made an agreement with the defendant whereby he was to convey the mortgaged property to the bank in full settlement of the balance due on the notes. It appears from the pleadings and the evidence that the property was sold under the foreclosure and the notes credited with the money realized from the sale of the property; that Charles F. Ziboski Jr. was trust officer of the plaintiff; that he was familiar with the notes and the transactions with the defendant relative to their collection; that he remembered the defendant's offering to quitclaim the property to the bank if the bank would satisfy the debt represented by the notes; that the witness told him that the bank could not accept the property in full satisfaction of the balance due, and that if the defendant did not pay the notes the mortgage on the property would have to be foreclosed; that the property was foreclosed and sold in the summer of 1933. He also testified on cross-examination that it was his "best recollection" that he told the defendant the bank would not accept the property in settlement of the balance due. He then testified as to the balance due at the time of the foreclosure, including taxes and amounts of interest, also as to the purchase price on foreclosure of the property, and that it was credited on the balance due. He also testified that certain advertising costs, attorney's fees and revenue stamps necessary to be placed on instruments were charged against the remainder, which, after the foreclosure, left a balance due on the notes as of June 28, 1933, of $5166.30, which was the amount of principal sued for. He also testified that the defendant, in his conversation with the bank and with him in April 1933, relative to the defendant's quitclaiming the property to the bank, did not

offer the bank any money or other property than that contained in the mortgage in satisfaction of the mortgage debt.

It follows that the evidence authorized the verdict for the plaintiff. No error appears in the rejection of documentary evidence relating to the cost of this property and the size of a mortgage placed by the defendant thereon in 1926, which was offered by the defendant for the purpose of throwing light on the value of the mortgaged property at the time of the foreclosure. Under the defense interposed, the value of this property at the time of the sale was not relevant to the issue. There was no attack made by the defendant on the bona fides of the mortgage foreclosure sale. His sole defense was that the plaintiff agreed, when he offered to quitclaim the property to it before the foreclosure sale, to accept the property in full settlement of the mortgage debt, and that he had therefore not contested the foreclosure or appeared at the sale.

The court did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*