31860. W. A. LATHEM AND SONS *et al* v. REINHARDT.

DECIDED FEBRUARY 19, 1948.

*Howell Brooke,* for plaintiffs in error.

*R. D. Smith, Sam P. Burtz, A. J. Henderson,* contra.

PARKER, J. R. E. Reinhardt sued W. A. Lathem & Sons, a partnership, and E. M. Lathem, S. J. Lathem, and C. W. Lathem, as the individual members of the partnership, on an alleged contract for the sale of lands. Upon demurrer the plaintiff amended his petition, adding count two based upon an action for money had and received. The court sustained general demurrers to

count one of the petition and overruled the demurrers as to count two. No exception was taken by either party to this ruling. A trial was had before a jury, and after the introduction of the evidence the court, on August 19, 1947, directed a verdict for the plaintiff for the amount sued for plus interest. No exception pendente lite was taken to the directing of the verdict, but a motion for new trial on the general grounds only was made. The hearing on the motion was duly continued until November 1, 1947, at which time the court, after argument, overruled the motion. Thereafter, on November 8, 1947, the defendants tendered and had certified to this court a bill of exceptions containing two assignments of error: one excepting to the directing of the verdict, and the other to the overruling of the motion for a new trial.

■ It is settled beyond the point of any doubt in this State that an appellate court cannot consider an assignment of error on the direction of a verdict where that assignment is made for the first time in a bill of exceptions tendered more than twenty days after the order directing the verdict. See Ga. L., 1946, p. 726, 735; *Carr* v. *Morris*, 17 *Ga. App.* 45(1) (86 S. E. 94), *Miller* v. *Feagin & Witman*, 28 *Ga. App.* 189(1) (110 S. E. 508), *Sinclair Refining Co.* v. *Giddens*, 54 *Ga. App.* 69(9) (187 S. E. 201), *Carmichael* v. *First National Bank*, 68 *Ga. App.* 332(1) (22 S. E. 2d, 673), and *Smith* v. *Wood*, 189 *Ga.* 695(1) (7 S. E. 2d, 255). The motion for new trial on the general grounds only was insufficient to raise the question of the propriety of the direction of the verdict. *Cole* v. *Illinois Sewing Machine Co.*, 7 *Ga. App.* 338(1) (66 S. E. 979), *Clark* v. *Sinclair Refining Co.*, 49 *Ga. App.* 143(1) (174 S. E. 544), *Dickenson* v. *Stults*, 120 *Ga.* 632(1), 633 (48 S. E. 173), *Alley* v. *Candler*, 155 *Ga.* 739(1) (118 S. E. 354), and *Vann* v. *Youngblood*, 184 *Ga.* 281(1) (191 S. E. 100). Under these rulings, and in the absence of a specific assignment of error, either pendente lite or in the motion for new trial, we have for consideration only the question of whether there was any evidence to support the verdict. In considering this question the verdict must be treated as though it had been returned by a jury without any direction, and if there is any evidence to support it, the overruling of the motion for new trial, based solely on the general grounds, must be affirmed. *Clark* v. *Sinclair Refining*

*Co., Carmichael* v. *First National Bank,* and *Dickenson* v. *Stults, supra.*

A careful reading of the petition and of the evidence convinces this court that the evidence was sufficient to support the verdict, if it did not demand it, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton, C. J., concurs. Felton, J., concurs in the judgment.*