The grounds of the motion for new trial, as amended, in substance state that the verdict was contrary to law, against the weight of the evidence, and contrary to law and to the principles of justice and equity. None of the grounds raises the point that the direction of the verdict was erroneous because there were questions of fact which should have been submitted to the jury. It follows that no such question is presented here for decision, and the judgment of the trial court must be affirmed, since the verdict, as directed, is not without evidence to support it. Hightower v. Hightower, 159 Ga. 769
(9) (127 S.E. 103); Gilliard v. Johnston Miller, 161 Ga. 17 (129 S.E. 434); Morris v. First National Bank of Vidalia, 174 Ga. 848 (164 S.E. 200).
Judgment affirmed. All the Justicesconcur.
 No. 16185. MAY 14, 1948.
The petition, as amended, of Wiley G. Ford against Field M. Ford, in brief alleged: The plaintiff and defendant, together with Mrs. Kyle Ford Hambright and Robert W. Ford, are co-executors of the estate of Mrs. Alice Abbott Ford. The plaintiff, *Page 682 
being unable to secure the co-operation of the defendant, procured an order from the court of ordinary authorizing the sale of real estate of the deceased, and after due advertisement sold it to Mrs. Kyle Ford Hambright for $1250. The defendant has collected certain rents for which he refuses to account and refuses to enter into a settlement of the estate. The plaintiff prayed for an accounting and settlement of the estate.
The defendant by a cross-action alleged that the estate was indebted to him for certain necessary repairs and improvements on the property, and he sought to have the deed from the plaintiff to Mrs. Kyle Ford Hambright declared null and void, partition by sale of the property, and the recovery of sums expended on the upkeep of the property.
At the conclusion of the evidence the court directed a verdict against the defendant (plaintiff in error in this court), Field M. Ford, in the sum of $737.89, and further directed a verdict finding that the deed from Wiley G. Ford to Mrs. Kyle Ford Hambright should be canceled, and for a partition of the property described. Field M. Ford filed a motion for new trial, on the grounds that the verdict is contrary to the evidence and without evidence to support it, that the verdict is decidedly and strongly against the weight of the evidence, and that the verdict is contrary to law and the principles of justice and equity. By amendment, in grounds 4 and 5, it is stated that the trial judge erroneously held that the evidence adduced upon the trial of the case, viewed in the light of the pleadings, demanded a finding against the movant on his prayer for the allowance of certain credits; and that the court erroneously directed a verdict against the movant for such expenditures, and erroneously directed the jury to find a verdict in favor of the plaintiff and against the movant. The exception here is to the overruling of the motion for new trial, as amended.