## DOUGLAS v. CITY OF LOUISVILLE et al.

Court of Appeals of Kentucky.

May 16, 1952.

James S. Shaw, William S. Hamilton, Louisville, for appellant.

Woodward, Hobson & Fulton, Robert P. Hobson, Gilbert Burnett, S. Merrill Russell, and Henry Merritt, all of Louisville, for appellees.

SIMS, Justice.

On April 14, 1949, about 12:30 a. m., appellant, James W. Douglas, while riding his motorcycle on that part of Zorn Avenue which is outside of the corporate limits of the City of Louisville, struck a "chuckhole" in the pavement, was thrown from the machine and badly injured. He sued the city and the water company for $32,500 damages, alleging in his petition the city negligently failed to keep the avenue in a safe condition and the water company had caused a ditch for a drainpipe to be cut across the avenue at or near the place of the accident and had negligently failed to refill the ditch, which caused the hole to form in the pavement. Separate answers of the city and of the company contained general denials of the averments of negligence, followed by pleas of contributory negligence on the part of appellant.

At the conclusion of appellant's evidence the court directed a verdict in behalf of both appellees. The motion for a new trial set out verbatim ad seriatim the six grounds for a new trial contained in § 340 of the Civil Code of Practice. However, appellant's brief only argues three grounds. for reversal: 1. The court erred in rejecting competent evidence offered by appellant; 2. it was error to direct a verdict for appellees; 3. the directed verdict is not sustained by the evidence.

The rejected evidence of which appellant complains consists of four pictures taken of the hole in the pavement the day of the accident after a barricade had been set up over the hole. Appellant claims this hole caused him to be thrown from his motorcycle. He also complains the court erroneously rejected the testimony of C. B. Merchant, a civil engineer and paving contractor, as to what he thought caused holes to come in the pavement from his "very recently" having inspected it. The motion did not contain a ground that the court had rejected competent evidence offered by appellant, therefore we cannot consider this alleged error. The general rule is that errors excepted to must be

mentioned specifically in the motion and grounds for a new trial. Engleman v. Caldwell & Jones, 243 Ky. 23, 47 S.W.2d 971; Challinor v. Axton, 246 Ky. 76, 54 S.W.2d 600. No rule is better settled in the jurisprudence of this state than the one that alleged errors in rulings on evidence which are not called to the attention of the court in a motion for a new trial will not be considered on appeal. Todd v. Louisville & N. R. R. Co., 11 S.W. 8, 10 Ky.Law Rep. 864; Green's Ex'r v. Green, 119 Ky. 103, 82 S.W. 1011, 26 Ky.Law Rep. 1007.

Nor did appellant's motion for a new trial assign a ground that the court erred in directing a verdict for appellees. In attempting to sustain his position that it is not necessary to incorporate in the motion the ground that the court erred in directing a verdict against the unsuccessful party in order to have this court review such ruling, appellant relies upon such cases as Henderson v. Dupree, 82 Ky. 678; Cincinnati Grain Co. v. Louisville & N. R. Co., 146 Ky. 237, 142 S.W. 374; Winston v. Slaton, 267 Ky. 831, 103 S.W. 2d 675. An examination of these authorities reveals that in each of them a jury was waived and the law and the facts were submitted to the the court. But in the case at bar the trial was before a jury, therefore appellant's authorities are not applicable, and we cannot consider this alleged error because it was not incorporated in the motion.

It is next argued by appellant the sixth ground in his motion, "that the verdict or decision is not sustained by sufficient evidence, or is contrary to law", is sufficient to bring before this court the question of whether or not the trial judge erred in directing a verdict for appellees. This very question has been decided adversely to appellant's contention in Halloran's Adm'r v. Louisville C. & L. R. Co., 5 Ky.Law Rep. 245, and in Kirby's Adm'r v. Berea College, 196 Ky. 353, 244 S.W. 775. In the Kirby case the ground relied upon was in the identical words of ground six, just above quoted, in appellant's motion.

However the first part of appellant's ground six, "that the verdict or decision is not sustained by sufficient evidence", is possibly sufficient to present to us the question of whether or not the evidence sustains the directed verdict and we will briefly review the evidence. The Kirby case, 196 Ky. 353, 244 S.W. 775; 66 C.J.S., New Trial, § 141, p. 377; W. A. Lathem & Sons v. Reinhardt, 76 Ga.App. 528, 46 S.E.2d 631; Travlers' Fire Ins. Co. v. Thornton, 45 Ga. App. 203, 164 S.E. 98.

The place of the accident was outside the city limits and as the city had never undertaken to keep in repair that part of Zorn Avenue beyond the corporate limits, it is not liable for the unsafe condition of the road. City of Louisville v. Pirtle, 297 Ky. 553, 180 S.W.2d 303; White v. City of Hopkinsville, 222 Ky. 664, 1 S.W.2d 1068. Other jurisdictions have held a city liable for its negligent failure to properly maintain roads beyond its corporate limits. See City Council of Augusta v. Mackey, 113 Ga. 64, 38 S.E. 339; Williams v. City of Mexico, 224 Mo.App. 1224, 34 S.W.2d 992; Bennett v. Town of Kent, 241 N.Y. 385, 150 N.E. 302; City and County of Denver v. St. James, 68 Colo. 203, 188 P.2d 734; Cegelski v. Green Bay, 231 Wis. 89, 285 N.W. 343. An annotation may be found on the subject in 140 A.L.R. 1058. In passing we might say that some of these authorities may be distinguished from the case at bar on their facts. For instance, in the Williams case the street led to the abutment of an abandoned bridge 36 feet from the city limits and naturally the city was held liable for not protecting the traveler from the chasm just 36 feet beyond the city limits. We do not disagree with the Williams case, but we are not willing to extend the doctrine that a city is liable for negligence in maintaining its streets so as to hold the city liable for roads outside of the city limits, which are an extension of its streets.

Nor does the evidence show that negligence on the part of the water company caused appellant's accident. Many years ago the company bought a strip of land 60 feet wide running from the River Road to Brownsboro Road for the purpose of laying its mains thereunder leading from its pump-

ing station on the river to its Crescent Hill Reservoir. This strip was known as "Pipeline Lane" and the company seems to have used it as a road between its properties. In 1933 the property owners abutting this lane deeded to the city and Jefferson County 30 feet of land and soon thereafter WPA constructed a four-lane highway with a 45 foot grass plot in the center and a pavement 20 feet wide on each side thereof. This highway became known as Zorn Avenue, and the water company retained control over the 45 foot grass plot for its mains.

On November 23, 1948, a judgment was entered in a declaratory action which the abutting property owners brought against the city and Jefferson County declaring the paved portion of Zorn Avenue to be a public thoroughfare, but giving the city and the water company unrestricted use of the 45 foot grass plot. It appears in the record the city owns all the stock in the water company. After the entry of this judgement, the water company exercised no control over, nor did it repair or maintain, the paved portion of Zorn Avenue. The evidence does not show when the "chuckholes" formed in Zorn Avenue and it cannot be presumed they formed before this judgment was entered. True, there was evidence that in 1945 the water company cut a ditch across the pavement in which to lay a drainpipe and that it did not properly refill the ditch and this, in the opinion of the witnesses, would cause "chuckholes" to come in the pavement. But it was not proven the "chuckhole" which caused the accident formed as a result of this negligent act by the water company, and it cannot be held liable therefor. Again, there was practically a six month interim between the date the judgment was entered, November 23, 1948, and the date of appellant's accident, April 14, 1949, wherein the "chuckholes" could have formed. During this six months the water company certainly did not maintain the road and it cannot be held liable for any damages appellant suffered by reason of his accident.

It follows that the trial judge did not err in directing a verdict for both appellees, and the judgment is affirmed.