### 35820. McCullough, Executor, *v.* McCullough.

CARLISLE, J. This case, which was transferred to this court by the Supreme Court (*McCullough* v. *McCullough*, 211 *Ga.* 665, 87 S. E. 2d 848), arose in the court of ordinary on an application for year's support, to which caveat was filed by McCullough as executor of the applicant's husband's estate. An appeal to the superior court was entered by consent. After direction of a verdict in that court for the applicant, the caveator moved for a new trial upon the usual general grounds and two special grounds in which complaint is made of the exclusion of certain testimony. The motion for a new trial was overruled and the caveator excepted. No error is assigned in the bill of exceptions upon the direction of the verdict.

1. The general grounds of a motion for a new trial do not raise the question of whether a trial court errs in the direction of a verdict (*Morris* v. *First National Bank of Vidalia*, 174 *Ga.* 848 (2), 164 S. E. 200, and citations); and, where there is no special ground of the motion for a new trial assigning error upon the direction of a verdict and error is not assigned in the bill of exceptions upon the direction of the verdict, no question is presented to this court for determination on that point. *Ayares Small Loan Co.* v. *Maston*, 78 *Ga. App.* 628 (4) (51 S. E. 2d 699).

2. Where, in this court, the general grounds of a motion for a new trial are neither argued nor generally insisted on either orally or in the brief, such grounds are to be treated as abandoned. Code § 6-1308.

3. "Before a widow is put to an election between provisions in the will of her deceased husband in her favor and her right to a year's support out of his estate, *the will* must expressly provide that the devise to her is intended by the testator to be in lieu of a year's support, or that intention must be deducible by clear and manifest implication *from* the will, founded on the fact that the year's support claim would be inconsistent with the will or so repugnant to its provisions as necessarily to defeat them" (*Rogers* v. *Woods*, 63 *Ga. App.* 195, 10 S. E. 2d 404; *Matthews* v. *Matthews*, 64 *Ga. App.* 580, 13 S. E. 2d 843); and, where, upon appeal to the superior court, by consent, of a caveat, by the executor of the deceased husband's estate, to the return of the appraisers setting aside, as a year's support to his widow, the only piece of real

estate of which the husband died possessed, it appears that the only issues presented for determination were whether or not the widow was, by the terms of the will, put to an election, and it appears from the terms of the will that testator devised to the widow a life estate in the realty with remainder to his children and devised all personalty to his children, the trial court did not err in refusing to permit persons present at the drawing of the will to testify that the husband stated at that time when asked about his wife, "Oh, I have already taken care of her with life insurance; it is made over to her; she has agreed to that and understands it"; nor did the trial court err in refusing to require the widow, while on cross-examination, to answer the question, "Did you receive the proceeds of a life insurance policy?" The will itself reflects no intention on the part of the testator to put his widow to an election between the proceeds of the insurance policy and a year's support. No reference whatsoever is made in the will to any policy of insurance. The will contains no provisions that would necessarily be defeated by the widow's claim of a year's support. Counsel for the caveator stated in open court that the caveator's sole contention was that the claim for a year's support was repugnant to the provisions of the will, and the case, therefore, did not go to trial upon the theory that the testator and his widow had entered into a contract whereby she was to take the proceeds of a life insurance policy in lieu of all other claims against the estate (see *Lincoln Discount Corp. of Georgia* v. *Gibbs,* ante, p. 710, and citations). Consequently, the testimony sought to be elicited was irrelevant and immaterial to the issue on the trial. There is no merit in either of the two special grounds of the motion for a new trial, and the trial court did not err in overruling the motion for a new trial for any reason assigned.

*Judgment affirmed. Gardner, P. J. and Townsend, J., concur.*

DECIDED OCTOBER 25, 1955.

*John Camp Davis,* for plaintiff in error.
*Parker, Clary, Kent & Grubbs, Maddox & Maddox,* contra.