37096. ALLSTADT *v.* JOHNSON.

DECIDED APRIL 17, 1958—REHEARING DENIED MAY 6, 1958.

*Marvin P. Nodvin,* for plaintiff in error.

*Wotton, Long & Jones, Grigsby H. Wotton,* contra.

CARLISLE, Judge. J. B. Johnson filed suit against M. B. Allstadt, doing business as Auto Machine Shop, and alleged that the defendant was engaged in the business of installing rebuilt motors in automobiles; that the plaintiff went to the defendant's place of business to have a rebuilt motor installed in his Buick automobile, and that while he was there he selected a motor to be installed; that he left his car with the defendant and after

about a week the defendant notified him that the work had been completed but that when he went to pick up his car he saw that the motor he had selected was still on the floor of the plaintiff's shop; that when he asked about this motor, the defendant informed him that they had installed one just like it from their stock of motors; that the one installed was equal to and as good as the one that he had selected and that it had been completely rebuilt; that, relying on that representation of the defendant, the plaintiff paid him $189.50 which was the agreed price; that when he drove his car home it did not perform properly and he discovered upon examination that the defendant had not installed a rebuilt motor in his automobile but that his automobile still had the original motor. The plaintiff alleged that he relied upon the defendant's representation that he had installed the rebuilt motor which he had selected; that those representations were material, false and wilful, and that he did not know of their falsity and that they were made to induce him to part with his money and did induce him to do so and that he sustained damages as the result thereof and that he was defrauded thereby. He alleged that because of the aggravated nature of the false representations he was entitled to recover as exemplary damages the sum of $2,000, and the prayer was for judgment in the amount of $2,189.50. The defendant filed an answer in which he denied the material allegations of the plaintiff's petition and further alleged that he had agreed to repair the plaintiff's motor for the sum of $214.37; that he completed the repairs in a workmanlike manner and furnished to the plaintiff a warranty and sales agreement warranting the repaired engine; that the plaintiff failed and refused to afford defendant the opportunity of rectifying the claimed defects in the job, and that, therefore, petitioner had been litigious and acted in bad faith and the defendant prayed that the prayers of the plaintiff's petition be denied and that he have judgment against the plaintiff for the sum of $9.43 alleged to be due him for certain services he performed in connection with additional work on the plaintiff's automobile and $500 as attorney's fees on account of the plaintiff's bad faith and litigiousness.

The case went to trial, and at the conclusion of the evidence

the defendant made a motion for a directed verdict which was denied, and the jury returned a verdict for the plaintiff in the amount of $689.50. The defendant made a motion for a judgment non obstante veredicto which the trial court denied and the exception here is to that judgment.

On the trial of the case, the plaintiff's oral evidence tended to prove the allegations of the petition substantially as laid. · The plaintiff introduced a receipted bill from the defendant which showed that the defendant charged him $189.50 to "rebuild customer's own engine according to our warranty." This latter evidence at most raised a conflict in the evidence and tended to sustain the defendant's contentions, but if it may be said that, in the face of the oral testimony of the plaintiff and his witnesses sustaining the allegations of his petition, it constituted a variance between the allegations and the proof, it was cured by the verdict and was such a variance as would have authorized the amendment of the pleadings so as to make them conform with the proof. *Napier* v. *Strong*, 19 *Ga. App.* 401, 404 (2) (91 S. E. 579). As we view the plaintiff's case, the injury complained of and for which recovery was sought was the failure of the defendant to provide the plaintiff with a rebuilt engine for his automobile in accordance with the sales agreement and warranty introduced and relied on by the defendant. The plaintiff's evidence amply showed, at least, that the defendant contracted to rebuild the plaintiff's own engine and that this was not done and that the plaintiff paid out his money on the faith of the defendant's representations that his automobile had been provided with a rebuilt engine. Under these circumstances, we cannot say that the evidence introduced by the plaintiff with all reasonable deductions and inferences therefrom demanded a verdict for the defendant. *McClelland* v. *Carmichael Tile Co.*, 94 *Ga. App.* 645 (96 S. E. 2d 202).

The plaintiff chose to waive any rights he might have had under the contract and to sue the defendant in tort for fraud under the provisions of Code §§ 105-301 and 105-302 seeking to recover exemplary damages under the provisions of Code § 105-2002. There is no exception to the ruling on any demurrer as to this feature of the case, and the question as to whether exemplary

damages should be allowed being one for the jury (*Aderhold* v. *Zimmer*, 86 *Ga. App.* 204, 207, 71 S. E. 2d 270), we cannot say that the circumstances in the case were not such as would authorize the exemplary damages allowed. It follows that the trial judge did not err in refusing to enter a judgment for the defendant notwithstanding the verdict for the plaintiff.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

### ON MOTION FOR REHEARING

Counsel for the plaintiff in error in his motion for a rehearing argues that the verdict for the plaintiff was not authorized because the evidence failed to prove certain specified elements necessary to sustain an action for fraud and deceit, and that, therefore, the judgment denying the motion for a judgment notwithstanding the verdict was erroneous. This argument wholly ignores the distinction between a verdict and judgment demanded by the evidence and one merely authorized. On consideration of an exception to the denial of a motion for a judgment non obstante veredicto, the question before this court is not whether the verdict and judgment of the trial court was merely authorized, but is whether a contrary judgment was demanded. *McClelland* v. *Carmichael Tile Co.*, 94 *Ga. App.* 645, supra. A ruling to this effect, either by this court or by the trial court would constitute a final judgment in favor of the defendant, and would be quite a different thing from a mere judgment that the verdict was not authorized or supported by the evidence, and granting a new trial. No question was presented by the record before this court as to whether the verdict and judgment of the trial court were authorized, there being no exception here to the denial of a motion for new trial. This court carefully considered the record before it and concluded that a verdict contrary to that entered was, at least, not demanded, and no reason appears from the citations and argument contained in the motion for rehearing why this judgment was not right. For this reason the motion for rehearing must be

*Denied.*