### 39075. SALLEY v. HOGAN.

DECIDED NOVEMBER 9, 1961—REHEARING DENIED
NOVEMBER 29, 1961.

*Fulcher, Fulcher, Hagler & Harper, E. D. Fulcher,* for plaintiff in error.

*Cohen, Cohen & Slaton, James E. Slaton, Leonard S. Counts,* contra.

CARLISLE, Presiding Judge. Dudley W. Hogan brought suit against William J. Salley to recover medical expenses allegedly incurred in the treatment of his son, Palmer F. Hogan, who was injured while riding as a passenger in the defendant's automobile and as the result of the alleged negligence of the defendant. In the petition, as amended, the plaintiff alleged that there was an express prearranged, share-the-expense ride agreement between the plaintiff's son and the defendant, whereby the plaintiff's son was to pay the defendant the sum of one dollar each way for transportation from Augusta to Atlanta and return; that this agreement was carried out by the plaintiff's son paying one dollar when the group riding in the automobile reached Washington, Georgia, and that this agreement was enforceable if not carried out. Accordingly, in the petition the plaintiff sought recovery on the basis of the defendant's alleged ordinary negligence. Upon the trial of the case, the plaintiff's proof at most showed that there was an implied agreement between plaintiff's son and defendant for the payment of one dollar each way, and that when the defendant stopped for gasoline, either going to Atlanta or coming from Atlanta (the witnesses being in some confusion as to which), the plaintiff's son, along with the

others riding in the automobile, paid one dollar on the purchase of gasoline. The collision in which the plaintiff's son was injured occurred on the return trip at the Uchee Creek bridge in Columbia County, Ga. The defendant made a motion for a directed verdict, and thereafter the jury returned a verdict for the plaintiff in the amount sued for. The defendant made a motion for a new trial which was granted and a motion for a judgment notwithstanding the verdict, which motion was overruled, and that judgment is excepted to here.

The sole basis for the defendant's contention with respect to the motion for a judgment n.o.v. is that there is a fatal variance between the allegata and probata in that the plaintiff alleged an express contract to charge the defendant with the duty of ordinary care rather than slight care, and then proved merely an implied contract. It is true that in the case of *Fountain v. Tidwell*, 92 Ga. App. 199 (88 SE2d 486), the court was dealing with an express contract and there held that where transportation was furnished pursuant to such express contract, the defendant was liable to the plaintiff passenger for ordinary negligence. That case, however, does not constitute a ruling that an express contract is required in order to impose upon the defendant the duty of exercising ordinary care. Any agreement for the payment of compensation for transportation which is shown to have been executed in whole or in part would be sufficient to change the relationship of the parties from that of mere host and invited guest and to charge the driver with the duty of exercising a greater degree of care than is imposed upon a gratuitous host toward his invited guest and to require that he exercise ordinary care for the safety of his passengers.

In the instant case, it is true that there was a variance between the allegations and proof as to the nature of the contract, but the evidence was not such as to demand a verdict for the defendant. "The function of the motion for judgment non obstante veredicto is not the same as that of a motion for a new trial, but is a summary method of disposing of the entire litigation, where it is obvious that the party against whom the motion is directed cannot under any circumstances win his case. . .

"Judgment notwithstanding the verdict is considered in most

States which have adopted statutes similar to ours to apply only where the defects if in pleadings, are not amendable and not cured by verdict, and a mere variance between allegata and probata is not a sufficient basis for the granting of this motion. See 49 CJS 150, 164, § 60; Old 76 Distillery Co. v. Morris, 234 Ky. 389 (28 SW2d 474); American Products Co. of Pa. v. Franklin Quality Refining Co., 275 Pa. 332 (119 A 414); Eads v. Commercial Nat. Bank of Phoenix, 33 Ariz. 499 (266 P 14, 62 ALR 183); Gallagher v. Cal. Pac. Title & Trust Co., 13 Cal. App. 2d 482 (57 P2d 195); Nadeau v. Maryland Casualty Co., 170 Minn. 326 (212 NW 595). In this State the rule is that, after judgment, the pleading must be construed most strongly in favor of sustaining the judgment (*Richardson v. Coker*, 188 Ga. 170 (3), 176, 3 SE2d 636), and where evidence is admitted without objection which supports what is in fact the same cause of action, although it might have been excluded on objection, it may be sufficient to authorize a recovery if, under the facts of the case, the petition could have been by amendment so conformed to the proof as to render such testimony relevant. *Napier v. Strong*, 19 Ga. App. 401 (2) (91 SE 579). In such event the case stands as though the petition had been amended accordingly. *Irvin v. Locke*, 200 Ga. 675, 680 (38 SE2d 289)." *McClelland v. Carmichael Tile Co.*, 94 Ga. App. 645, 648 (96 SE2d 202).

As was said on motion for rehearing in *Allstadt v. Johnson*, 97 Ga. App. 584, 587 (103 SE2d 683), "On consideration of an exception to the denial of a motion for a judgment non obstante veredicto, the question before this court is not whether the verdict and judgment of the trial court was merely authorized, but is whether a contrary judgment was demanded. . . A ruling to this effect, either by this court or by the trial court would constitute a final judgment in favor of the defendant, and would be quite a different thing from a mere judgment that the verdict was not authorized or supported by the evidence, and granting a new trial. No question was presented by the record before this court as to whether the verdict and judgment of the trial court were authorized, there being no exception here to the denial of a motion for new trial." The trial court did not err in overruling the motion for judgment n.o.v.

*Judgment affirmed. Eberhardt and Custer, JJ., concur.*