46315.   CHAMPION et al. v. MARTIN.

EVANS, Judge. Max Champion and Clara Champion sued Sara Ann Martin for damages resulting from fraud and deceit in the sale of a dwelling house to the plaintiffs in that the defendant acted in bad faith in knowingly making false and untrue statements as to the condition of the house with reference to (a) the need of a termite inspection of the dwelling; (b) the size of the septic tank; and (c) the condition of the well. Petitioner sought damages, attorney's fees and punitive damages to deter the defendant from repeating such fraudulent and deceitful conduct. The case proceeded to trial and the court directed a verdict against plaintiff on all issues except as to fraud and deceit

regarding representations concerning the septic tank, leaving that issue alone to go to the jury, and directed a verdict against plaintiff as to punitive damages and attorney's fees on that issue.

The jury returned a verdict for $300 which was made the judgment of the court. A motion for new trial was filed, heard and overruled. Plaintiff then filed a notice of appeal from the judgment for $300, reciting the date the motion for new trial was overruled, without specifically appealing from the order overruling said motion. However, plaintiff later filed his enumeration of errors in which he specifically enumerated as error the trial court's direction of a verdict against plaintiff on the issue of attorney's fees and punitive damages, though fraud and deceit was alleged, and found to be proven by the jury; and he also enumerated as error the trial court's direction of a verdict on the question of defendant's misrepresentation of the condition of the house.

Thereafter, plaintiff attempted to amend his enumeration of errors but this effort was too late and cannot be considered. *Held:*

1. Defendant moves to dismiss the appeal because her name was spelled "Martin" whereas the notice of appeal uses the name "Martain." This is within the principle of idem sonans. In *Chapman v. State,* 18 Ga. 736, "Hudson" was held to be idem sonans with "Hutson"; and in *Biggers v. State,* 109 Ga. 105 (34 SE 210), "Biggers" was held to be idem sonans with "Bickers." In *Hutchins v. State,* 136 Ga. 246 (71 SE 162), "Crooms" was held to be idem sonans with "Grooms." In *Fielding v. State,* 30 Ga. App. 664 (118 SE 601), "Fielder" and "Fielding" are held to be idem sonans. Thus,, the use of the "Martain" may be said to be idem sonans with "Martin," and there is no merit in the motion to dismiss because of the appeal being listed in the name of a defendant spelled differently than that spelling used in the original pleadings.

2. The trial court ruled that plaintiff was entitled to submit to the jury the issue of defendant's fraud and deceit, but directed a verdict against plaintiff as to penalty and attorney's fees. Punitive damages are allowed under *Code* § 105-2002, if there are aggravating circumstances in the "act or the intention."

The perpetration of a fraud is one of the specific reasons for allowance of punitive damages. *Aderhold v. Zimmer,* 86 Ga. App. 204, 207 (71 SE2d 270); *Allstadt v. Johnson,* 97 Ga. App. 584, 586 (103 SE2d 683). *Code* § 20-1404 authorizes imposition of attorney's fees as a part of the damages where the defendant has acted "in bad faith." See *O'Neal v. Spivey,* 167 Ga. 176 (3) (145 SE 71).

In the case sub judice, the trial court decided that there was an issue for the jury as to defendant's fraud respecting the representations as to the septic tank, and the jury decided for plaintiff on this issue. But the trial court directed a verdict against plaintiff as to punitive damages and attorney's fees and in this ruling he erred.

> *Judgment reversed. Jordan, P. J., and Quillian, J., concur.*
> ARGUED JUNE 2, 1971—DECIDED JUNE 23, 1971—
> REHEARING DENIED JULY 15, 1971.

*Chance & Maddox, R. Jerome Shepherd,* for appellants.
*James B. Langford, Robert Thomas Pope,* for appellee.

ON MOTION FOR REHEARING.

Movant contends that the overruling of the motion for new trial on the general grounds, and the failure thereafter to appeal therefrom, estops the plaintiffs in their appeal here from the direction of the verdict against them which was prior to the final judgment, citing *Hill v. Willis,* 224 Ga. 263 (4) (161 SE2d 281) as authority. The filing of a motion for new trial on the general grounds only does not raise the question of the correctness of the direction of a verdict. *Morris v. First Nat. Bank of Vidalia,* 174 Ga. 848 (2) (164 SE 200); *Watson v. Kvaternik Export Stave Co.,* 31 Ga. App. 146 (121 SE 126); *W. A. Lathem & Sons v. Reinhardt,* 76 Ga. App. 528 (1) (46 SE2d 631); *McCullough v. McCullough,* 92 Ga. App. 833 (1) (90 SE2d 100); *Ford v. Ford,* 203 Ga. 681 (47 SE2d 865). Since the motion for new trial brought into question only the sufficiency of the evidence as. to the $300 verdict after the court had directed the verdict against the plaintiffs on the other issues, the failure to appeal from the denial of the motion for new trial would not establish the law of the case as to the direction of the verdict deny-

278

ing the plaintiffs' punitive damages and attorney's fees. These questions were not raised in the motion for new trial.

*Rehearing denied.*